FIRST NATIONAL BANK OF PLATTSMOUTH, APPELLEE, V. FRANCIS N. GIBSON ET AL., APPELLANTS.

FILED DECEMBER 22, 1898. NO. 8562.

Creditors' Bill: PARTIES: PLEADING: DECREE AGAINST TRANSFEREE. In an equitable action to subject the alleged fraudulently conveyed real property of a judgment defendant to the payment of the judgment against him, there is no sufficient foundation for an ordinary judgment against his transferee as a co-defendant if there is a failure to allege that the title of the said property by such transferee has been conveyed or subjected to a lien whereby the equitable relief sought has been rendered unavailable.

APPEAL from the district court of Cass county. Heard below before CHAPMAN, J. *Reversed in part.*

*E. H. Wooley,* for appellants.

*A. N. Sullivan, contra.*

RYAN, C.

In this case there was a judgment in the district court of Cass county against Benjamin A. Gibson and Francis N. Gibson for the sum of $1,412.50. The action was one in equity to subject certain described real property to the

payment of a judgment which had been rendered by the said court in favor of plaintiff against John M. Carter, in a sum which, with interest, equaled the above amount. As against Benjamin A. Gibson it was alleged in the petition that, by the use of a judgment against Carter which said Gibson had procured to be assigned to himself, though in fact he knew it had been discharged by payment, and by means of collusion with Carter, the land in question had been by the sheriff, under an execution sale, conveyed to said Benjamin A. Gibson, by whom it had been conveyed to his brother, Francis N. Gibson, without adequate consideration. By his answer Benjamin A. Gibson insisted that the conveyance whereby he had been divested of his title was *bona fide* and for full consideration. He was therefore in no situation to deny the applicability of the rule laid down in *Smith v. Sands*, 17 Neb. 498, and other cases decided by this court on the same line; and since, in the absence of a bill of exceptions showing what the proofs were, we must presume that the facts properly pleaded were established by the proofs, it results that there must be an affirmance of the judgment against Benjamin A. Gibson.

The judgment against Francis N. Gibson, however, cannot receive the same sanction, because of different conditions, which we shall now consider. There was in the petition no averment of any fact which would indicate that the real property sought to be reached had been conveyed or incumbered by Francis N. Gibson. The relief which plaintiff was entitled to, upon the averments of his petition, was restricted to the appropriation of the land described to the payment of plaintiff's judgment against Carter. The finding that the property had been sold by Benjamin A. and Francis N. Gibson was, in so far as Francis was concerned, a finding not responsive to any issue presented by the petition. It may be that there was evidence to sustain this finding, but in that event the rule applicable is thus stated in the syllabus of *McGavock v. City of Omaha*, 40 Neb. 64; "Facts which

appear in the evidence of a case, on a point not put in issue by the pleadings, cannot be made the basis for a judgment for one of the parties unless the pleadings are made to conform to the facts on proper motion and leave obtained of the court to make such amendments." (See, also, *Union Stock-Yards Co. v. Goodwin*, 57 Neb. 138.) To sustain an ordinary judgment against Francis N. Gibson there was lacking the very essential averment that the property sought to be subjected had been conveyed or subjected to some sort of a lien to the prejudice of the right of plaintiff. As this was not alleged, it was immaterial that it may have been proved, for there must be averment as well as proof of all essential facts. As the averments of the petition did not furnish sufficient basis for the rendition of an ordinary judgment against Francis N. Gibson, the judgment of the district court against him is reversed. The judgment against Benjamin A Gibson is affirmed.

JUDGMENT ACCORDINGLY.