FIRST NATIONAL BANK OF PLATTSMOUTH, APPELLEE, V. FRANCIS N. GIBSON ET AL., APPELLANT.

60 767
62 64

FILED NOVEMBER 21, 1900.   No. 11,586.

1. Pleading: DENIAL: NEGATIVE PREGNANT. A denial that plaintiff "is a corporation duly organized as a national bank under the act of congress of June 3, 1864, or any other act" does not put in issue the plaintiff's corporate existence.

2. Judgment Creditor: EXECUTION: RETURN NULLA BONA: REMOVAL OF OBSTRUCTIONS: SUIT IN EQUITY. A judgment creditor, after an execution has been issued and returned *nulla bona*, may maintain a suit in equity to make his judgment effective as a lien upon land, by removing obstructions calculated to make an execution sale unproductive.

3. Satisfaction of Judgment: ASSIGNMENT AFTER PAYMENT. A judgment is extinguished when it is paid by one who is primarily liable for its satisfaction. It can not, when so paid, be kept alive by assignment to a third person.

4. Void Judgment: SALE OF REAL ESTATE UNDER: KNOWLEDGE OF PURCHASER. A sale of real estate under a void judgment does not divest the owner's title, nor confer any rights upon a purchaser who buys with knowledge of the facts which render the judgment void.

5. Purchaser of Real Estate: TITLE OF GRANTOR: APPARENT OWNERSHIP. A purchaser of real estate acquires only the title which his grantor had at the time of the sale, unless he bought and paid for the property on the faith of an apparent ownership upon which he was, under the law, justified in relying.

6. ——: ——: —— REAL OWNER: PURCHASER BONA FIDE. One who has bought property from a person who was the apparent, but not the real owner thereof, must, in a contest with the real owner or those claiming through or under him, allege and prove that he was a *bona fide* purchaser.

7. Decree: MODIFICATION: REVERSAL: PERSON NOT PREJUDICIALLY AFFECTED. A party who is not prejudically affected by a judgment or decree can not secure its modification or reversal.

APPEAL from the district court of Cass county. Heard below before JESSEN, J. *Affirmed.*

*Byron Clark, C. A. Rawls, J. H. Haldeman* and *S. J. Tuttle,* for appellant.

*A. N. Sullivan, contra.*

SULLIVAN, J.

This action was brought by the First National Bank of Plattsmouth against John M. Carter, Benjamin A. Gibson and Francis N. Gibson to enforce a judgment lien against certain real estate in Cass county. It is conceded that Carter was, in 1887, the owner of the property in question which was at that time subject to the lien of two judgments, one in favor of Beardsley & Clark, recovered in 1883, the other in favor of the bank, recovered in 1886. It is also conceded that there was a sale of the property under the first judgment; that Benjamin A. Gibson was the purchaser at such sale, and that he afterwards conveyed to his brother, Francis N. Gibson, the title obtained by the sheriff's deed. The petition charges that the judgment in favor of Beardsley & Clark had been fully paid by Carter before the judicial sale, and that such sale and the subsequent conveyance to the appellant were collusively made for the purpose of divesting the plaintiff's lien and preventing the enforcement of the same. These allegations were denied, but the court found all the issues in favor of the bank and rendered a decree providing for the satisfaction of the bank's judgment by a sale of the land which appellant claims to own by virtue of the deed from his brother, Benjamin.

One of the reasons assigned for a reversal of the judgment is that the bank has not shown that it possesses legal capacity to sue. The petition states that "plaintiff is a corporation duly organized as a national bank under the act of congress of June 3, 1864, and the acts amend-

ing the same." The defendants in their answer "specifically deny that the plaintiff is a corporation duly organized as a national bank under the act of congress of June 3, 1864, or any other act." This denial is faulty; it implies that the bank was incorporated, but denies that its incorporation was legal. Discussing a similar question in *State v. Board of County Commissioners*, 53 Nebr., 767, 771, we said: "This denial is a mere negative pregnant. It does traverse the corporate existence of the relator, but only the regularity of the proceedings by which it was incorporated."

It is contended that this action can not be maintained because it does not appear that the bank has exhausted its legal remedies. An execution was issued and returned unsatisfied. Nothing more could be done without the aid of equity. The judgment was a lien on the land, and the plaintiff had the undoubted right to make his lien effective by removing obstructions which were well calculated to make an execution sale unproductive. *Keene v. Sallenbach*, 15 Nebr., 200; *Kennard v. Hollenbeck*, 17 Nebr., 362; *First Nat. Bank v. Hollerin*, 31 Nebr., 558; 3 Pomeroy, Equity Jurisprudence, sec. 1415.

Appellant claims to be an innocent purchaser and entitled to protection as such. We think the court rightly found on the evidence that he was not an innocent purchaser. It might, however, have reached that conclusion from an inspection of the pleadings. The judgment in favor of Beardsley & Clark having been paid by Carter before the sale to Benjamin A. Gibson, such sale was absolutely void and vested no title in the purchaser. It is a well settled proposition, subject to some exceptions not necessary to be here noted, that a judgment is extinguished when it is paid by one primarily liable for its satisfaction. It can not, when so paid, be kept alive even by assignment to a third person, as was done in this case. *Henry & Coatsworth Co. v. Halter*, 58 Nebr., 685. The sale under the Beardsley & Clark judgment being entirely null, it did not divest Carter's title; he still continued to

be the owner of the land. The appellant acquired nothing by his purchase, not even possession or the right thereto. Had be bought and paid for the property on the faith of his brother's apparent ownership, he would have obtained a good title; but this he did not do. At least he has neither alleged nor proved any facts from which it might be inferred that he acquired by the purchase a better title than his grantor had. Under the doctrine of *Arlington State Bank v. Paulsen*, 57 Nebr., 717, and *Upton v. Bells*, 59 Nebr., 724, appellant has failed to show that he has any right to, or interest in, the property, or that he is in any way prejudicially affected by the judgment which he asks us to reverse. If the judgment recovered in 1886, and which is the basis of this suit, became dormant before the trial, the decree revived it and made it a lien upon Carter's land. To that land neither of the Gibsons ever had any valid claim or title, and consequently Francis has lost nothing by the decision of which he complains.

We have not found it necessary to dispose of the contention that the defendants gained an advantage by reason of the bank's failure to issue execution on its judgment during the pendency of the suit to enforce it. Notwithstanding the authorities cited by appellant's counsel, the writer is not quite ready to subscribe to the doctrine that a court of equity should reward the defendants for the perseverance with which they pressed upon its attention a substanceless and futile defense. It would seem to be in accordance with the general procedure to decide the case on the questions evolved by the pleadings; and it would seem to be contrary to all legal analogies to permit a party to profit by an unwarranted and litigious resistance of his adversary's suit. *Dempsey v. Bush*, 18 Ohio St., 376; *Lawrence v. Belger*, 31 Ohio St., 175; *City of Cincinnati v. Hafer*, 49 Ohio St., 60. The judgment is

AFFIRMED.