FIRST NATIONAL BANK OF PLATTSMOUTH, NEBRASKA, V.
FRANCIS N. GIBSON ET AL.

FILED MAY 6, 1903.   No. 12,679.

1. Fraudulent Transfer: NECESSARY PARTY.  To a petition in equity alleging fraudulent transfers of property and seeking to reach the fund conveyed, the debtor who transferred them is a necessary party.

2. Venue.  Such action may be commenced ·where the debtor resides and the transferee served with summons at his residence in another county.

ERROR to the district court for Cass county:  PAUL JESSEN, DISTRICT JUDGE.  Reversed.

A. N. Sullivan, for plaintiff in error.

Stephen L. Geisthardt, contra.

HASTINGS, C.

The errors alleged in this action are:

First, That the court erred in sustaining the motion of defendant Francis N. Gibson to quash service of summons had upon him in Lancaster county;

Second, Error in dismissing the case as to the defendant Gibson;

Third, Error in sustaining the demurrer filed by the defendant Carter;

Fourth, Error in dismissing the action.

It is asked that the rulings be reversed and the case remanded as against both defendants.

The fundamental question in this case is:  Whether or not John M. Carter was a bona fide defendant in this action; and that question is to be determined from an inspection of the petition.  Of course, if Carter was not a bona fide defendant and there is no cause of action alleged against him, under the numerous holdings of this court, there would be no authority for serving summons upon

the defendant Gibson in Lancaster county, the action having been commenced in Cass county, and commenced there on the ground that John M. Carter, who resided there, was a proper party defendant.

*Dunn v. Haines,* 17 Neb. 560, and the several cases following it, and the latest one, *Barry v. Wachosky,* 57 Neb. 534, all hold that there must be a right of action against the resident defendant, in order to give any jurisdiction over defendants who reside and are served in other counties.

As above stated, the question is upon the petition, as a demurrer on Carter's behalf was sustained and the action thereupon dismissed. The defendant, Gibson, is the only one appearing in this court; and he claims that, as against him, there is no final order in the case; that he only appeared in Cass county to object to the jurisdiction and is not responsible for the fact that after such appearance, and the sustaining of the objections, the court dismissed the action as to him. It is alleged that this action of the court was taken in his absence and not at his request, and that, therefore, plaintiff can not complain, even after the final dismissal of the action against Carter, also. This is, apparently, on the ground that the entry of the dismissal must be construed as being taken at plaintiff's request and, therefore, was a waiver of any error there could be in sustaining Gibson's objections to the jurisdiction. It appears from the record, however, that plaintiff took exceptions to the dismissal and he can hardly be held responsible for it.

The authorities cited to the point that an order sustaining objections to the jurisdiction is not final, *Lewis v. Barker,* 46 Neb. 662, and the prior decisions in this state to the same effect, following *School District v. Cooper,* 29 Neb. 433, doubtless settle this point; but a judgment of dismissal is, of course, final. If the action of the court in sustaining the demurrer of Carter is upheld, then the judgment of dismissal is right. If that action of the court, however, was wrong and should be reversed, then it is clear that the action in sustaining Gibson's objections to the

jurisdiction is also wrong and should be reversed. It seems clear that it was entirely competent for plaintiff to bring the final judgment of dismissal, the dismissal as to Gibson and the sustaining of Gibson's objections to the jurisdiction, all three, before this court as he has sought to do by the petition in error. It seems clear, therefore, as above indicated, that if the petition in this action shows Carter to have been a proper party defendant, and a good cause of action against him, then Gibson, against whom the principal relief is asked, could be served with summons in Lancaster county and required to answer the action in Cass county.

The allegations of the petition, which is somewhat lengthy, are:

*First,* That plaintiff is a corporation.

*Second,* That in 1886 it recovered a judgment against John M. Carter for $778.70 and that execution was issued upon it and returned unsatisfied.

*Third,* That when the judgment was rendered Carter owned in fee 80 acres of land in Cass county which is described.

*Fourth,* That Carter in May, 1887, entered into a fraudulent and collusive agreement with Francis N. and B. A. Gibson, brothers, by which Benjamin A. took an assignment of a decree of the Cass county district court in favor of Beardsley, Clark & Davis against Carter rendered in 1883; that the decree had been fully paid off and discharged and the assignment was solely in order to defraud plaintiff and other creditors;

*Fifth,* That Benjamin A. Gibson, acting in concert with the other two as conspirators, procured an order of sale and caused this land, with others, to be sold under pretense of satisfying the said decree and Benjamin A. Gibson purchased the land and procured a confirmation of the sale and a sheriff's deed;

*Sixth,* That Benjamin A. Gibson in November, 1887, conveyed this 80 acres of land in question to Francis N. Gibson in pursuance of the fraudulent agreement and the

latter entered into possession and held it till March 1, 1901, and appropriated to his own use the rents and profits, amounting to not less than $300 a year; that none of these rents and profits have been paid to Carter and the latter is now, and has been ever since the rendition of plaintiff's judgment, insolvent;

*Seventh,* That in August, 1889, plaintiff commenced an action in the district court for Cass county to set aside the conveyance by sheriff's deed to Benjamin A. Gibson, and by Benjamin A. to his brother, for the reason that the conveyances were in fraud of plaintiff and Carter's other creditors, and Carter and both Gibsons were parties defendants and filed answers, and judgment was recovered against both Benjamin A. and Francis N. Gibson for the full amount of plaintiff's judgment; that appeals were prosecuted by both of said parties to this court and the personal judgment against Francis N. Gibson reversed because he had made no disposition of the land; that the said Benjamin A. Gibson has absconded and is insolvent;

*Eighth,* That afterward such proceedings were had in that action, that a decree was rendered in favor of plaintiff and against Francis N. Gibson, holding that plaintiff's judgment was a legal and valid lien upon the land, and from that decree Francis N. Gibson prosecuted an appeal to this court, where it was affirmed, and Francis N. Gibson's occupancy of the land was declared without color and tortious;

*Ninth,* That the land was in April, 1901, sold upon a decree of the circuit court of the United States for the district of Nebraska, upon a lien prior to plaintiff's, and plaintiff's decree against the land became wholly worthless, and plaintiff is entirely unable to collect its judgment except by compelling Francis N. Gibson to account for the rents and profits of the land during the time of his possession. The prayer of the petition is that an account may be taken of the amount due from Francis N. Gibson to the defendant Carter as rents, issues and profits of the land; that judgment be rendered against Gibson in favor

of Carter and that plaintiff be subrogated to the rights of said Carter to the extent of the amount due on said judgment and that plaintiff may be awarded execution therefor, and for general relief.

Counsel for defendant in error, Gibson, hardly seems to contend that Carter was not a proper party defendant but that his interest not being entirely adverse, and in fact he having an interest to get his judgment paid out of this fund, for the purpose of conferring jurisdiction, he should be held and considered as in fact a plaintiff, and that any action brought upon this claim should be brought in Lancaster county where Gibson resides.

*German Nat. Bank of Hastings v. First Nat. Bank of Hastings,* 59 Neb. 7, is cited as also the same case in 55 Neb. 86, to the proposition that this is merely a proceeding under section 532 of the code, and it is urged that there is no allegation of fraud as against the plaintiff on the part of Francis N. Gibson, and nothing to indicate that this is not simply a legal right on the part of Carter against Gibson, which the bank is seeking to enforce for its own benefit.

We do not think this position is tenable. The action seems to us to be much more in the nature of a creditor's bill. The allegation is that by an arrangement between the two Gibsons and Carter to which Francis N. Gibson is alleged to have been a party, and for the purpose of defrauding the plaintiff and other creditors of Carter, a paid off decree was assigned to Benjamin so as to get the title to this land, which was subject to the lien of plaintiff's judgment, out of Carter through Benjamin A. to Francis N. Gibson.

It seems clear that Carter if he was, as alleged, a party to the fraud, would himself have no right to assert a claim to the land, or to the income from it. Under the holding in the case of *German Nat. Bank v. First Nat. Bank, supra,* only a legal right of action on Carter's part would support a direct suit, under section 532 of the code, on the plaintiff's part against Francis N. Gibson. It seems clear that

equity must be resorted to in order to render these facts available, and it has been held that section 532 does not abrogate or supersede the remedy in equity. *Monroe v. Reid, Murdock & Co.,* 46 Neb. 316, 328; *Benedict v. T. L. V. Land & Cattle Co.,* 66 Neb. 236.

"The judgment debtor is a necessary party in all actions brought by creditors to subject property which it is claimed was fraudulently transferred, and without him the action can not proceed to judgment. The person to whom the property has been transferred is also a necessary party." Maxwell, Code Pleading, page 167; citing *Logan v. Hale,* 42 Cal. 645; *Lawrence v. Bank of the Republic,* 35 N. Y. 320; *Miller v. Hall,* 70 N. Y. 250, 252.

This doctrine seems to have the sanction of Chief Justice Marshall in *United States v. Howland & Allen,* 4 Wheat. (U. S.) 108. This last and other cases may be found collected in 14 Century Digest, col. 508.

As above suggested, the necessity of making the judgment debtor, who has transferred property fraudulently, a party to an equitable action is hardly disputed by Gibson's counsel in this case. As we have concluded that the petition is one in equity, there seems no doubt that Carter was a proper party and that jurisdiction attached in Cass county. No defect in the petition itself has been pointed out. As above suggested, Carter makes no appearance, and Gibson and his counsel are evidently afraid of submitting themselves to the jurisdiction of the court.

We have observed no fatal defect in the petition. Of course, if these proceedings are collusive as between plaintiff and Carter, as Gibson's counsel suggests, that fact can be shown.

It is recommended that the judgment of dismissal, the order sustaining the demurrer and also that sustaining the objections of defendant, Gibson, to the jurisdiction of the Cass county district court, be reversed and the cause remanded for further proceedings.

KIRKPATRICK, C., concurs.

By the Court: For the reasons stated in the foregoing opinion the judgment of dismissal, the order sustaining the demurrer, and also that sustaining the objections of defendant, Gibson, to the jurisdiction of the Cass county district court, are reversed, and the cause remanded for further proceedings.

REVERSED.