CHAS. W. EBEL V. EDWARD STRINGER, IMPLEADED WITH SOMERSET TRUST COMPANY, APPELLANT, AND MARY BUTLER, APPELLEE, ET AL.

FILED FEBRUARY 9, 1905. No. 13,716.

1. Attorney: APPEARANCE: PRESUMPTION. Where an attorney appears in an action for a defendant, the presumption is that he was authorized to appear. Evidence examined, and *held* not to overcome this presumption.

2. **Judgment**: SATISFACTION. A judgment is extinguished when it is paid by one who is primarily liable for its satisfaction, and it cannot after such payment be kept alive by assignment to a third person or corporation.

3. ———: ASSIGNMENT: EVIDENCE. Under the facts, *held*, that no competent evidence of an assignment of the judgment by the judgment creditor has been adduced.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*R. R. Dickson*, for appellant.

*W. R. Butler*, contra.

LETTON, C.

This is a cross-action whereby the Somerset Trust Company, a corporation, appellant, sought to subject 160 acres of land in Holt county, the title to which is in Mary Butler, appellee, to the payment of a judgment. The facts are substantially as follows: In 1899 one Ralph Ege became the owner of a certain quarter section of land in Holt county, Nebraska. In 1897 he made an assignment of all his property for the benefit of his creditors, and on October 22, 1898, the appellee, Mary Butler, purchased said land at public sale from the assignees of Ege. On the 18th day of August, 1894, an action was begun by Justin McCarthy, Sr., in the district court for Holt county against Cortelyou, Ege and Van Zandt, J. G. Cortelyou, M. N. Van Zandt, A. B. Van Zandt, Ralph Ege and J. S. Van Zandt upon a supersedeas bond, and on the same day a summons was issued and served upon all the defendants except J. G. Cortelyou and Ralph Ege. Ege was a resident of the state of New Jersey and a member of the firm of Cortelyou, Ege and Van Zandt, which at that time was doing business at Ewing in Holt county as the Bank of Ewing. H. M. Uttley, an attorney of O'Neill, was employed by the firm to defend the action. He filed an an-

swer and appeared for all the defendants. A trial was had and on the 30th day of March, 1895, judgment was rendered against all the defendants for the sum of $1,021.24 and $284.38 costs. The action was carried to the supreme court, a supersedeas bond being signed on behalf of the defendants by their attorney H. M. Uttley, and by J. L. Roll and D. G. Roll with others, as sureties. The judgment of the district court was affirmed in this court, and in March, 1898, the defendants, A. B. Van Zandt and J. S. Van Zandt, J. L. Roll and D. G. Roll signed and delivered to Justin McCarthy, Sr., or his attorney, their joint promissory note in payment of this judgment. A few weeks afterwards, J. G. Cortelyou went to O'Neill with J. L. Roll, paid off the note, and the judgment was apparently assigned by J. L. Roll to the Somerset Trust Company of which J. G. Cortelyou was a stockholder, director and president. In judgment record No. 3, page 75, the following entries appear: "March 24, 1898, assignment of this judgment to Jacob L. Roll. The same on file. March 24, 1898, Assignment of this judgment from Jacob L. Roll to the Somerset Trust Company." The original assignments, if any were ever made in writing, appear to have been lost and do not appear in evidence. Roll testifies that the judgment was assigned by McCarthy or his counsel to him in trust for the signers of the note, and that the Somerset Trust Company advanced the money and he assigned the judgment to it. Upon cross-examination he says, that the judgment was first paid by the note given by the judgment debtors, A. B. Van Zandt, J. S. Van Zandt, himself and his brother. That none of the parties to the note furnished the money with which it was paid, but that it was furnished by J. G. Cortelyou, who was one of the judgment debtors and president of the Trust Company. That the note was given some time prior to the assignments. That they were made on the day Cortelyou and he came to O'Neill together, that McCarthy was not there at all, but M. F. Harrington, McCarthy's attorney, was. That the note was given to Mr. Harrington to pay

the judgment instead of to McCarthy, and that the assignments were made after the judgment was paid by the note. On the other hand, Mr. McCarthy swears positively that he never made any assignment to Mr. Roll, and never signed any kind of paper, and that the judgment was paid by J. G. Cortelyou to Mr. Harrington. That he was present at the time and received the full amount then and there, and that Mr. Roll was not present at the time the money was paid, though he had been just before.

The trial court found upon this branch of the case that the district court never acquired jurisdiction over Ralph Ege, and that no judgment was ever recovered by McCarthy against him for want of jurisdiction.

The court further found that McCarthy never sold the judgment to J. L. Roll, that he never received any money on said judgment from Roll, that Roll never was the owner of said judgment, and never assigned it to the Somerset Trust Company. The court further found that the judgment was paid by the judgment debtors, J. G. Cortelyou, A. B. Van Zandt and J. S. Van Zandt, and the lien thereof as well as said judgment satisfied and extinguished.

The case in this court is tried *de novo*. From the testimony in the record, we are of the opinion that there is not sufficient evidence to overcome the presumption in favor of the authority of the attorney H. M. Uttley to appear for Ralph Ege in the action upon which the judgment was rendered. It appears that he was employed by Ege's partners and business associates. That Ege's son, who had charge of his father's matters in that vicinity, was employed in the bank at Ewing and knew of the litigation, and that no disclaimer has ever been made by Ege of Uttley's authority.

Ege does not in this action nor has he in any other action asserted that Uttley had no authority to represent him, and as long as he makes no complaint no one else is entitled to do so for him. Uttley having appeared in the action for all the defendants, including Ege, the court acquired jurisdiction, and the judgment was properly ren-

dered against Ege, and was of full force and effect as to him.

We are satisfied, however, with the finding of the district court that the .judgment was satisfied by the giving of the note by A. B. Van Zandt and J. S. Van Zandt, J. L. Roll and D. G. Roll, and the payment of the note by Cortelyou. The judgment creditor swears positively the judgment was paid and that he made no assignment of it and . there is no competent proof in the record that any assignment was ever made.

It is true the judgment record recites that an assignment to Roll is on file, but it does not recite who made the assignment. Even if it had been filed and lost thereafter, there is no proof of the contents of the paper and there is nothing to show by whom it was executed, whether by McCarthy himself, or his attorney; or if made by the attorney no proof of any authority on his part to transfer the judgment in such manner is made. Taking these facts into consideration in connection with all the evidence relating to the manner of doing business of the Somerset Trust Company, the persons who constitute its stockholders, and the apparently unlimited control. over its affairs exercised by its president, John G. Cortelyou, who was primarily liable upon the judgment, such control going to the extent that all its funds were intermingled with and kept by him among his own money in his private bank account, we are satisfied that whatever might have been Cortelyou's intention as to the Trust Company when he paid the money, his payment under all the circumstances was a satisfaction of the judgment. John G. Cortelyou is dead, and we, therefore, cannot hear his version of the transaction, but his memoranda and the book accounts of the Somerset Trust Company have been produced in order to substantiate the company's contention. A judgment is extinguished when it is paid by one who is primarily liable for its satisfaction and it cannot, after such payment, be kept alive by assignment to a third person or corporation. *First Nat. Bank of Plattsmouth v. Gibson,* 60 Neb. 767;

*Henry & Coatsworth Co. v. Halter,* 58 Neb. 685. The evidence is meager and conflicting as to whether the note given by the Van Zandts and the Rolls was accepted in payment of the judgment, but there can be no question that the money paid by Cortelyou was that which was received by McCarthy on the day that the transaction was finally closed.

If the note had been accepted in payment of the judgment, no assignment made afterwards could give new life to it, so that if we accept the transaction as to the note testified to by the witness Roll, who testified on behalf of the Trust Company, the judgment was paid before the assignments, if any, were made.

Having come to this conclusion, it is unecessary to examine the question of whether or not Mrs. Butler was a purchaser of the land without notice of the lien of the judgment, which was a further finding of the district court. If the judgment was paid it was extinguished and no one could assert any rights under it.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.