FIRST NATIONAL BANK OF PLATTSMOUTH v. FRANCIS N. GIBSON ET AL.[*]

FILED JUNE 22, 1905. No. 14,199.

**Res Judicata.** The plea of *res judicata* applies not only to the points upon which the court was required by the parties to pronounce a judgment, but to every point which properly belonged to the subject matter of litigation, and which the parties, exercising reasonable diligence, might have brought forward at that time. This rule is not inflexible, and may yield in cases where a good and valid reason or excuse for the failure to allege the facts and seek relief in the former action is shown, but in the instant case such excuse is neither pleaded nor proved.

ERROR to the district court for Cass county: PAUL JESSEN, JUDGE. *Reversed and dismissed.*

*A. N. Sullivan,* for plaintiff in error.

*S. L. Geisthardt* and *Samuel Chapman, contra.*

LETTON, C.

This action is based upon the same facts narrated in *First Nat. Bank v. Gibson,* 57 Neb. 246, and **60 Neb. 767,**

*Rehearing allowed. See opinion, p. 236, *post.*

with the additional fact that, after the former adjudication that the plaintiff's judgment was a lien upon the land in controversy, the premises were sold upon a prior lien by a decree of the United States circuit court for the district of Nebraska, so that the plaintiff had no benefit from its judgment or decree.    It seeks by this action to compel Francis N. Gibson to account for the rents and profits of the land during the time he occupied it, and to apply the same to the payment of its judgment.    The district court granted the relief prayed to the extent of four years' rents, and held that as to the remainder of the rents and profits the action was barred by the statute of limitations.    Plaintiff prosecutes error from this ruling, claiming that the statute had not run, and that it was entitled to all the rents and profits, while the defendant Francis N. Gibson prosecutes a cross-appeal upon the whole record.    A number of defenses are set up by the defendant Gibson, for the most part setting up matters adjudicated in the former case.    In the view we take of the case, it will only be necessary to consider one of the defenses relied upon.    This defense is that the judgment in the former case, which was a creditors' bill to reach the land and subject it to the payment of plaintiff's judgment, is a bar to this action, since it was a former recovery against defendant Francis N. Gibson for everything received by him as a result of the fraud of Carter and Benjamin A. Gibson.    The point to be determined is whether or not the cause of action in this case is essentially the same as that in the former case, and whether the relief now sought was obtainable therein.

It is a well-established principle that one is not permitted to split his cause of action; that if he might have had all the relief he seeks in an action he has brought and prosecuted to final judgment, he may not again vex his former adversary with another suit based upon the same wrong. It is also a rule, which we have applied against the appellant herein as to most of the defenses he has set up in his answer, that (to quote the plaintiff in error's brief) "a judgment is conclusive not only as to the subject mat-

ter in suit, but as to all other suits, which, though concerning other subject matter, involve the same issues." In *Henderson v. Henderson*, 3 Hare (Eng.), *100, *115, the vice chancellor said:

"In trying this question, I believe I state the rule of the court correctly, when I say, that where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to that litigation to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case. The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at that time. *Beloit v. Morgan*, 7 Wall. (U. S.) 619; *Cromwell v. County of Sac*, 94 U. S. 351; 2 Black, Judgments (2d ed.), sec 609; *Slater v. Skirving*, 51 Neb. 108.

Applying these rules to the present action, what is the situation? The plaintiff by the decree in the creditors' bill established conclusively as against the appellant here the fact that he was not a *bona fide* purchaser of the land, and that it was subject to the lien of its judgment. The matters the appellant sets up in his answer on account of which he seeks to reopen or go behind that adjudication, therefore, cannot be considered, and, as we have seen, he is bound by that adjudication. On the other hand the estoppels are mutual, and the plaintiff having limited his demand for relief in the former action to a decree clearing the title to the land so as to subject it to his judgment lien, and making no showing at that time of the existence of a prior lien which would probably take the land, and

which would warrant him in asking for the aid of the court in reaching the rents and profits which Francis N. Gibson had theretofore received, or an impounding of those thereafter accruing by means of a receiver pending proceedings for review, cannot again pursue the defendant on account of the same cause of action. Had the plaintiff alleged in the former action the facts as to the value of the land, the prior mortgage, the rental value and the need of impounding the rents and profits so as to provide a fund sufficient to satisfy the plaintiff's judgment, we think the power of the court was ample to grant him the relief he now asks. We do not mean to say that this rule is inflexible, and may not yield in cases where a good and valid reason or excuse for the failure to allege the facts and seek relief in the former action is shown. But in the instant case there is neither pleading nor proof of any reason or excuse for not presenting these facts in the former action and obtaining appropriate relief.

In *Hites v. Irvine's Adm'r,* 13 Ohio St. 283, suit had been brought, alleging that the defendant had obtained the legal title to certain property by foreclosure sale under an agreement to hold the property in trust for the plaintiff. A decree was entered in favor of the plaintiff, allowing him to redeem, and ordering a conveyance on payment of the amount found due. Afterwards, another action was brought to compel the administrator of the defendant, who had meanwhile died, to account for waste and for the rents and profits pending the first suit. It was held that these causes of action were proper and necessary subjects of adjudication in the chancery suit, and should have been brought to the notice of the court in that case by supplemental bill or otherwise. See also *Pray v. Hegeman,* 98 N. Y. 351; *Neil v. Tolman,* 12 Ore. 289; *Hackworth v. Zollars,* 30 Ia. 433; Wells, Res Adjudicata, sec. 251; *Jordan v. Van Epps,* 85 N. Y. 427.

As to the right asserted herein by the administrator of John M. Carter to the rents and profits, the decree in the former case adjudicated the fact that the transaction

by which the title of Carter to the premises was conveyed through the channel of the sheriff's deed to Benjamin A. Gibson was collusive and fraudulent. This question having been thus settled cannot be reopened, and Carter's administrator can have no better standing in court than would Carter himself have if he were alive. All parties to the former decree are equally bound, and if conclusive as to one it is conclusive as to all.

It is unnecessary to discuss any other of the numerous assignments in the briefs of both plaintiff in error and of the appellant, since these considerations dispose of the case.

We are of the opinion that the former recovery is a bar to this action, and that the judgment of the district court should be reversed and the cause dismissed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause dismissed.

REVERSED.

SEDGWICK, J., not sitting.


The following opinion on rehearing was filed January 18, 1906. *Judgment of reversal adhered to:*

1. **Law of the Case.** A point necessarily determined by this court upon appeal becomes the law of the case, and, ordinarily, will not be departed from in the further course of the litigation, unless clearly wrong, so that it cannot be supported upon reason or authority.

2. ————: PETITION. When a petition is held by this court to state a cause of action as against a general demurrer, this ruling becomes the law of the case, and will be adhered to upon a second appeal if the cause has been tried in the district court without specific objection to the sufficiency of the petition.

3. **Creditors' Suit: RENTS.** When a conveyance of real estate is set aside as fraudulent at the suit of a creditor, and the land subjected to the lien of his judgment, and is insufficient to pay the

judgment, such fraudulent grantee may, in proper proceedings, be compelled to apply upon the judgment the rents and profits of the land which accrued while the land was in his possession under the fraudulent conveyance.

4. **Suit Pending**: LIMITATION OF ACTIONS.   While an issue is being litigated in the courts, the statute of limitations will not run in favor of one of the parties to that litigation and against the other as to any claim depending upon the result of that litigation.

SEDGWICK, C. J.

In the former opinion, *ante,* p. 232, in the view that was then taken of the case, it was only necessary to consider one of the defenses relied upon.   The nature of the case and the facts involved are stated in that opinion, and in the former opinions therein referred to.   The question discussed was whether the judgment in the original action, which was in the nature of a creditors' bill to reach the land and subject it to the payment of the plaintiff's judgment, is a bar to this action, which is to recover the rents and profits arising from the land.   The point to be determined was there said to be whether or not the cause of action in this case is essentially the same as that in the former case, and whether the relief now sought was obtainable therein.   It will be remembered that the proceedings to subject the land to the plaintiff's judgment were begun soon after the transfer of the land by the defendant Carter to the defendant Gibson, which transfer was in that proceeding adjudged to be fraudulent as against this plaintiff.   Gibson took possession of the land at the time of its conveyance to him, and received the rents and profits thereof until in the spring of 1901, when the land was sold upon the foreclosure proceedings in the federal court.   This was about one year after the litigation upon the creditors' bill was finally determined in this court.   Without doubt, under the liberal provisions of the code, the plaintiff might have filed a supplemental petition in the first action, and litigated its rights to the rents and profits that accrued while that action was pending,

and it would seem that there are authorities for the proposition that, ordinarily, the plaintiff would not be allowed to neglect that remedy, and afterwards bring another action to recover the rents and profits. If this rule should be applied to this case, it appears that about one year's rents and profits which accrued after that action was disposed of could not have been included. The plaintiff urges that the rule ought not to be applied in this case, because the mortgage which was foreclosed in the federal court, and which was prior in point of time to the plaintiff's lien, exhausted the land, and so deprived the plaintiff of the fruits of the litigation, which was successful on its part, unless it should be allowed to recover the rents of the land received by Gibson while he held the title and possession. The value of the land was amply sufficient to have paid the plaintiff's claim, and, but for the lien of the prior mortgage, there would have been no necessity of litigating the question of rents and profits; the court in the former action would not have appointed a receiver without the showing that the land itself was insufficient to pay the plaintiff's claim. There is no sufficient plea in bar in the answer. The petition sets out all of the facts in regard to the former action and its results, and in regard to the foreclosure proceedings in the federal court, and the application of the land in payment of the judgment upon those proceedings. These allegations of the petition are admitted in the answer, and there is in the answer what is called the eighth defense, in which it is alleged, "that the suit brought by the plaintiff against this defendant and commenced on or about the 7th day of August, 1899, was an action in equity, wherein and whereby the plaintiff sought to recover of this defendant all and singular the relief to which the plaintiff was or might be entitled by reason of the several matters and facts in the petition in said suit set forth with reference to said land, and whereby the court awarded to the plaintiff the relief asked by the same, and all and singular the relief herein asked in this petition might have been

awarded to the plaintiff in said suit if the plaintiff had established its right thereto; that the plaintiff had full power and opportunity to ask the relief now herein sought, and the court had full power and authority to grant the same. This defendant alleges that by reason thereof the plaintiff's cause of action herein is barred by a former recovery, and the plaintiff by reason thereof is not now entitled to have and maintain this action." None of the facts which were supposed to constitute this defense was pleaded in the answer. The plea amounts only to conclusions of law derived from the allegations of the petition. No reply to this defense was necessary. Of course, all the facts that were required to entitle the plaintiff to recover should have been stated in the petition. The defendant insists that the petition in this respect is defective, in that it does not allege any sufficient reason for neglecting to present to the court in the first action the matter which is now being litigated. He cites *Hites v. Irvine's Adm'r*, 13 Ohio St. 283, as establishing this doctrine. That case is somewhat discussed in the former opinion. In addition to what is there said, it will be noted that the defendant in that case was practically a mortgagee. He held the legal title, but held it in trust as security for the payment of money advanced by him for the plaintiff's use. It was his duty to apply the rents and profits upon the mortgage, and it was likewise the duty of the plaintiff in his action, which was virtually an action to redeem, to insist that the rents and profits should be so applied, and the holding was that, having neglected to do this, the plaintiff could not afterwards maintain an independent action to recover the rents and profits. The court said:

"If, during the pendency of the suit, payments were made by the plaintiff, or rents and profits received by the defendant, which were properly applicable only to the reduction of the debt due to him from the plaintiff, these facts, affecting the very matter in controversy, should have been brought to the notice of the court, by supple-

mental bill or otherwise. If this was not done, and the
plaintiff thereby failed to obtain the benefit of credits to
which he was entitled in that action, his petition should
aver that fact, and also show that such failure was not
owing to his own negligence."

Without determining whether this rule applies to the
case at bar, we will inquire how the plaintiff's case would
stand if it did. Upon a former appeal it was held by this
court that the allegations of the petition in the case at
bar are sufficient to constitute a cause of action as against
a general demurrer. 69 Neb. 21. The question is not
discussed in the opinion, but the general demurrer, of
course, raised the question of the sufficiency of the peti-
tion, and it was overruled by this court. A point neces-
sarily determined by the court upon appeal becomes the
law of the case, and, ordinarily, will not be departed from
in the further course of the litigation. Unless clearly
wrong, so that it cannot be supported upon reason or au-
thority, it will be adhered to as a final adjudication in the
cause. The trial court would, as a matter of course, fol-
low the law of the case so established, unless its correct-
ness was specifically challenged. A general objection to
evidence on the ground of incompetency would not sug-
gest to the trial court that the petition which had been
upheld by this court was the object of attack. The plain-
tiff upon the trial below asked a witness these questions:
Q. "You may state what you know, if anything, about
the mortgage upon this land described in the petition."
Q. "You may state whether or not that mortgage was sup-
posed, during the period of the litigation in the case of
the First National Bank against Gibson and Carter,
whether or not that was supposed to have been paid."
The defendant Gibson objected to these questions on the
ground that they were indefinite, and incompetent, ir-
relevant, and immaterial, and not tending to specify
which mortgage is referred to. The objection was sus-
tained, and the evidence was excluded. The plaintiff
then offers "to prove that, in the litigation between Car-

ter and Gibson, Gibson received credit for the payment of that mortgage given by Carter, I think, to the Connecticut Mutual Life Insurance Company, or some eastern company." To this offer of proof the general objection was made that it was incompetent, irrelevant and immaterial. The objection was sustained, and the proof excluded. There was no objection upon the ground that the allegations of the petition were insufficient to admit the evidence. The offered evidence tended to show that the defendant Gibson had agreed with Carter to pay off this mortgage, which was long past due, and that the plaintiff had reason to suppose, during the pendency of the first action, that the land was clear of incumbrance, and would be amply sufficient to pay the plaintiff's claim. The attention of the court was not called to the supposed defect in the petition. Under these circumstances we think that the defendant ought not now to be allowed to ask this court to reverse its former adjudication as to the sufficiency of this petition.

2. The defendant insists that the plaintiff acquired no right in the rent and proceeds of the land. He is wrong in this contention. If the judgment debtor had transferred current funds to the defendant for the purpose of defrauding his creditors, the creditors, upon making this appear, might in equity recover the amount from the defendant; and so, if, to defraud his creditors, he placed in the hands of the defendant that which would produce value, intending that the proceeds should be placed beyond the reach of his creditors, such proceeds could in equity be reached by the creditors. In *Robinson v. Stewart*, 10 N. Y. 189, which is relied upon by the defendant, the general creditors had not reduced their claims to judgment, and were therefore not in a position to reach the proceeds of the land by creditors' bill.

3. The defendant also relies upon the statute of limitations. He says in the brief that the action is one for fraud, and that, "according to the plea of the plaintiff, the fraud had its inception on or about the — day of May,

19

1887, and was consummated in November, 1887," and that the fraud was discovered by the plaintiff in August, 1889. These considerations will not enable the defendant to avail himself of the statute of limitations. It is true that this action arises out of and depends upon the fraudulent transfer of the land. That the land was fraudulently transferred is established by prior litigation. While the defendant was resisting that allegation in the courts, the statute of limitations could not run against the plaintiff's contention that the land was fraudulently conveyed. *Hutchinson v. Ainsworth,* 73 Cal. 452, 15 Pac. 82. In this action it was necessary to show that the land had been fraudulently transferred. No recovery could be had without the existence of that fact. While that question was being litigated in the courts, the statute of limitations as to any claim that depended upon the questions there in controversy would not run in favor of one party in that controversy and against the other. Without counting the time while the action to set aside the transfer of the land from Carter to Gibson was pending, the statute of limitations has not run upon any part of the plaintiff's claim. The trial court therefore erred in limiting the plaintiff's recovery to the rents of the land accrued within the four years immediately preceding the commencement of this action.

4. Various other defenses are asserted and relied upon that were in issue in the former action and there determined. The parties to this litigation are bound by that judgment.

Our former judgment is vacated, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.