FIRST NATIONAL BANK OF PLATTSMOUTH, APPELLEE, V.
ALBERT B. GIBSON ET AL., EXECUTORS, APPELLANTS.*

FILED JANUARY 23, 1908.   No. 15,145.

1. **Exceptions, Bill of:** MOTION TO QUASH.   A bill of exceptions will not be quashed upon the motion of an appellee, to whom it had been properly submitted, because it was not served upon another party to the action.

2. **Fraudulent Conveyances.**  The former adjudications of the question here involved examined, and *held* decisive of this case.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE.   *Affirmed.*

*S. L. Geisthardt,* for appellants.

*A. N. Sullivan, contra.*

EPPERSON, C.

The subject matter of this litigation has been before the courts of this state since 1889.   The former opinions con-

* Rehearing allowed.   See opinion, p. 580, *post.*

40

tain a statement of the facts. See 57 Neb. 246; 60 Neb. 767; 69 Neb. 21; 74 Neb. 232, 236. On the last appeal (74 Neb. 236) the judgment was reversed and the cause remanded. Trial was had, and the First National Bank of Plattsmouth (appellee) was awarded the sum of $2,328.60 against the representatives of Francis N. Gibson, deceased, to pay the bank's judgment against John M. Carter out of the rents and profits of certain lands in Cass county claimed and formerly adjudged to have been fraudulently conveyed to Benjamin A. Gibson, and by the latter to Francis N. Gibson, now deceased.

Appellee filed a motion to quash the bill of exceptions because it was not served upon the administrator of Carter's estate. The administrator was a party to the suit, having been substituted upon Carter's decease. It was decided in *First Nat. Bank v. Gibson*, 69 Neb. 21, that Carter was a necessary party to this action in the court below. It does not necessarily follow that a submission of the bill of exceptions to the administrator is prerequisite to a consideration thereof upon the issues existing between the plaintiff and Gibson. In *Crane Bros. Mfg. Co. v. Keck*, 35 Neb. 683, it was held: "Where there are two or more principal defendants against whom the plaintiff is seeking to enforce a claim, there being no particular controversy between them, service of the bill of exceptions upon one of such defendants or his attorney within the time fixed by statute will be sufficient." We think the same rule should apply in this case, where there was in fact no controversy between the appellant and his codefendants, Carter and the administrator. A failure of the appellant to serve the bill of exceptions upon all of the appellees was held in *Fitzgerald v. Brandt*, 36 Neb. 683, not to be such a submission as was required by section 311 of the code. But it will be observed that the bill of exceptions was quashed only as to the appellees to whom it was not submitted. In this case the exceptions were submitted to the appellee, and his motion to quash must be overruled.

REVERSED.

Appellants' sole contention is that the bank's right in the present suit to have the rents and profits applied to the satisfaction of its claim could have been determined in the action to set aside the fraudulent conveyance (57 Neb. 246; 60 Neb. 767), and, hence, the judgment in that case is a bar to the relief now sought. This identical question was an issue in this court when this case was here before. As reported in 74 Neb. 232, the conclusions first announced were favorable to defendants' (appellants') present contention. Upon rehearing, the former judgment was vacated (74 Neb. 236), and the conclusion announced there, we consider, resolved this question adversely to appellants. It is there said: "When a conveyance of real estate is set aside as fraudulent at the suit of a creditor, and the land subjected to the lien of his judgment, and is insufficient to pay the judgment, such fraudulent grantee may, in proper proceedings, be compelled to apply upon the judgments the rents and profits of the land which accrued while the land was in his possession under the fraudulent conveyance." And in the opinion we find the following: "If the judgment debtor had transferred current funds to the defendant for the purpose of defrauding his creditors, the creditors, upon making this appear, might in equity recover the amount from the defendant; and so, if, to defraud his creditors, he placed in the hands of the defendant that which would produce value, intending that the proceeds should be placed beyond the reach of his creditors, such proceeds could in equity be reached by the creditors." This court refused to apply to this case the rule contended for by appellants, and, moreover, remanded the case for proceedings in accordance with that opinion. Agreeably thereto a new trial was had, resulting in the judgment appealed from in the instant case.

Appellants amended the eighth defense in their answer referred to by SEDGWICK, J., and the same now sufficiently alleges the bar of the former suit. Appellants contend that for this reason the case now falls within the rule announced in the vacated opinion, reported in 74 Neb. 232.

We do not understand that the opinion was vacated solely 'or the reason that the bar was not sufficiently pleaded, but because an action in equity would lie to recover the rents and profits; the land previously subjected to the payment of the bank's claim being insufficient therefor.

We recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed June 26, 1908. *Judgment of affirmance vacated and judgment of district court reversed:*

Res Judicata. "The plea of *res judicata* applies not only to the points upon which the court was required by the parties to pronounce a judgment, but to every point which properly belonged to the subject matter of litigation, and which the parties, exercising reasonable diligence, might have brought forward at that time. This rule is not inflexible, and may yield in cases where a good and valid reason or excuse for the failure to allege the facts and seek relief in the former action is shown, but in the instant case such excuse is neither pleaded nor proved." *First Nat. Bank v. Gibson,* 74 Neb. 232.

REESE, J.

It would serve no good purpose to give an extended history of this case, for the reason that a sufficient statement is contained in the last opinion by Commissioner EPPERSON, *ante,* p. 577, and the many prior opinions upon the case found in the reports. After the filing of the last opinion, a motion for rehearing was filed and sustained, and the cause was rebriefed, reargued, and submitted to the court. That opinion is founded largely upon the last prior opinion written by Chief Justice SEDGWICK, and it was held that that and other opinions and decisions of this court were conclusive of the case upon the contention of defendant that the decree in the prior suit (60 Neb.

767) was a final adjudication of the rights of the parties involved in this suit. The commissioner says: "Appellants' sole contention is that the bank's right in the present suit to have the rents and profits applied to the satisfaction of its claim could have been determined in the action to set aside the fraudulent conveyance (57 Neb. 246; 60 Neb. 767), and, hence, the judgment in that case is a bar to the relief now sought. This identical question was an issue in this court when this case was here before. As reported in 74 Neb. 232, the conclusions first announced were favorable to defendants' (appellants') present contention. Upon rehearing, the former judgment was vacated (74 Neb. 236), and the conclusion announced there, we consider, resolved this question adversely to appellants." It is not deemed necessary to quote further from the opinion, as it consists to considerable extent of quoting the discussion presented by the chief justice. The conclusion is that that last decision is a final adjudication of the point involved, and must be accepted as closing the door upon defendants.

In order to a full understanding of this subject, it is necessary for us to consider the former opinions found in 74 Neb. 232, 236. The former of these opinions was written by Judge LETTON while on the commission. In that opinion it was held that the issues involved and triable in the former suit constituted a bar to this action. After a full discussion of the subject, the commissioner said: "It is unnecessary to discuss any other of the numerous assignments in the briefs of both plaintiff in error and of the appellant, since these considerations dispose of the case. We are of the opinion that the former recovery is a bar to this action, and that the judgment of the district court should be reversed and the cause dismissed." That opinion was approved by the court, and it was ordered that, "for the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause dismissed." The opinion was filed, and the order dismissing the case was made, June 22, 1905. For some reason,

not stated in the report, Judge SEDGWICK did not sit in
the case.   A motion for rehearing was made and sus-
tained.   The grounds assigned for the rehearing were:
"(1) That the sole ground upon which the finding of dis-
missal was based was adjudicated in the former decision
of this court, and a conclusion reached in favor of plaintiff.
(2) That the sole ground upon which said dismissal is
based was not within the issues of the case.   (3) That the
conclusions reached by the court in this case are in direct
conflict with the conclusions reached in the former adjudi-
cation.   (4) The authorities cited in the opinion do not
tend to sustain it."

The final opinion, upon the rehearing, was written by
Chief Justice SEDGWICK, and filed January 18, 1906, in
which it was held that the question of former adjudication
was not sufficiently presented by defendants' answer, and
that, under the pleadings, there was no such issue in the
case.   In the opinion it is said: "There is no sufficient
plea in bar in the answer.   The petition sets out all the
facts in regard to the former action and its results, and
in regard to the foreclosure proceedings in the federal
court, and the application of the land in payment of the
judgment upon those proceedings.   These allegations of
the petition are admitted in the answer, and there is in
the answer what is called the eighth defense, in which it
is alleged, 'that the suit brought by the plaintiff against
this defendant and commenced on or about the 7th day
of August, 1899, was an action in equity, wherein and
whereby the plaintiff sought to recover of this defendant
all and singular the relief to which the plaintiff was or
might be entitled by reason of the several matters and
facts in the petition in said suit set forth with reference
to said land, and whereby the court awarded to the plain-
tiff the relief asked by the same, and all and singular
the relief herein asked in this petition might have been
awarded to the plaintiff in said suit if the plaintiff had
established its right thereto; that the plaintiff had full
power and opportunity to ask the relief now herein sought,

and the court had full power and authority to grant the same. This defendant alleges that by reason thereof the plaintiff's cause of action herein is barred by a former recovery, and the plaintiff by reason thereof is not now entitled to have and maintain this action.' None of the facts which were supposed to constitute this defense was pleaded in the answer. The plea amounts only to conclusions of law derived from the allegations of the petition. No reply to this defense was necessary."

It is true that other questions are discussed and decided in the opinion, which we need not here notice, but we think enough is here shown to clearly indicate that the question of the former adjudication was not decided, for the reason that it was not sufficiently put in issue by the answer. The opinion of the court, as written by Judge LETTON, when commissioner, fully discusses that question, and decides it in favor of defendant upon the theory that the issue was made and presented in the answer. The judgment of the district court being reversed, and the cause having been remanded for further proceedings, defendants obtained leave in that court to amend their answer, and, the amended pleadings having been filed to meet the requirements of the opinion of the chief justice, the cause was again tried under the new issues, and the question is now before us, if not at the former hearing, for decision. When we consider the opinion by Judge LETTON, holding that the former adjudication was a bar, the judgment of the court thereon, the motion for a rehearing based in part upon the ground that the averments of the answer were not sufficient to present that issue, the opinion of the chief justice, and the holding of the court sustaining plaintiff's contention on that behalf, the subsequent amendment of the answer on that particular subject, its presentation to the district court and to this court, we are persuaded that the former holding well nigh forecloses the subject, and that, as the case now stands, the holding on that decision should be adhered to as covering the conditions now presented. We have carefully considered the

former opinion, the opinions by the chief justice and Commissioner EPPERSON, and are convinced that Judge LETTON's views were correct, probably upon the issues as then formed, but certainly as they now stand, and that the holding in that case must be reaffirmed and readopted.

Our former judgment is therefore vacated, the former recovery held to be a bar to this action, the judgment of the district court reversed and the cause dismissed.

REVERSED.

LETTON, J., not sitting.