CHARLOTTE S. FLINT, ADMINISTRATRIX, APPELLANT, V. FRANK J. CHALOUPKA ET AL., APPELLEES.

FILED MAY 18, 1904. No. 13,544.

1. **Judgment: LIEN.** A judgment of the district court is not a lien upon the judgment debtor's equitable interest in real estate. *Nessler v. Neher*, 18 Neb. 649.

2. **Creditor's Suit: LIEN.** The beginning of a creditor's action gives a specific lien upon the property which it is sought to reach. It is of the nature of an equitable execution, and it is unnecessary to issue a legal execution upon the judgment during the pendency of the creditor's action, in order to prevent the judgment from becoming dormant so far as that specific property is concerned.

By the Court.

Unofficial Opinions of Commissioners. The opinions of the commis-

sioners of the supreme court, designated as "unofficial," have no value as precedent or authority in the sense in which the doctrine of *stare decisis* is applied. The court has not necessarily approved all the propositions of law advanced as indicated either in the syllabi or in the opinions themselves.

APPEAL from the district court for Saline county: GEORGE W. STUBBS, JUDGE. *Reversed.*

*J. H. Grimm & Son* and *A. R. Scott,* for appellant.

*A. S. Sands, contra.*

LETTON, C.

This was a creditor's bill brought by the appellant against the appellees in the district court for Saline county. After the note upon which the suit is based was placed in judgment, an execution was issued and returned unsatisfied, whereupon this action was begun. While this action was pending 5 years expired without the issuance of another execution, and the appellees contend that the judgment upon which it was based became dormant. The principal question discussed at the oral argument and in the briefs is whether or not this action can proceed when the judgment upon which it is based has become dormant. The appellees maintain that the lien of a judgment cannot be enforced in equity after the right to enforce the judgment at law has ceased to exist; that there is a clear distinction between a creditor's suit in aid of execution and a creditor's suit to reach property rights and interests that never were subject to and never could be taken upon execution; that, in the latter case, a lien upon the interest sought to be reached is acquired only by the bringing of the equity suit, while in the former case the judgment is a lien upon the property which the judgment debtor has fraudulently conveyed, and the creditor's suit is brought to remove an obstruction from the title, in order that the property may be levied upon and sold advantageously upon execution; that the judg-

ment is a lien upon the property fraudulently conveyed so long as the title remains in the fraudulent grantee; that any lien the appellant ever had upon the property in controversy was the lien of the judgment, and that this creditor's action creates no lien on the property, and that, consequently, when the judgment became dormant it ceased to be a lien thereon, and could no longer be enforced either by execution or by a creditor's bill. We have given the argument of the appellees at this length so that their contention may be clearly seen.

Is a judgment a lien in this state upon the equitable interest of the debtor in real estate?

In *Rosenfield v. Chada*, 12 Neb. 25, where an action in equity was brought to subject the equitable interest of a purchaser in possession of real estate to the payment of a judgment, it was held that an equitable interest in land, coupled with actual possession, may be reached by a seizure and sale under an ordinary execution.

The next case in which this general subject was considered is *Nessler v. Neher*, 18 Neb. 649. In this case it was first held (23 N. W. 345) that the lien of a judgment will extend to all the legal or equitable interests of the defendant in lands within the county, of which such defendant is in actual possession; but upon rehearing it was held that "a judgment in the district court is not a lien upon an equitable interest in the real estate of the debtor." This was followed in *Dworak v. More*, 25 Neb. 735; *Shoemaker v. Harvey*, 43 Neb. 75; *First Nat. Bank v. Tighe*, 49 Neb. 299; *Omaha Coal, Coke & Lime Co. v. Suess*, 54 Neb. 379, 387; *Woolworth v. Parker*, 57 Neb. 417; and may be considered as the settled doctrine of this court.

In *Westervelt v. Hagge*, 61 Neb. 647; *Foley v. Doyle*, 1 Neb. (Unof.) 643; *First Nat. Bank v. Gibson*, 60 Neb. 767, and *State Bank v. Belk*, 68 Neb. 517, there are certain expressions used in the opinions which might be taken to imply that a judgment is a lien upon land which has been conveyed to a third person with the intent to defraud creditors, and that it is the lien of the judgment which

is enforced by the bringing of the creditor's suit.   But upon a careful examination of the points that were actually decided in these cases, it will be found that, while the language of the opinions may imply that a judgment is such a lien, in no case were the former decisions overruled, and the action taken by the court in each of these cases was not inconsistent with the prior holdings.

It is not so much what a court says in the decision of a case as that which it actually does that should be considered in applying the principles of the case as a precedent.   Courts often use language in an opinion responsive to an argument of counsel of which the reader of the opinion is not cognizant and thus general statements may be given undue weight.   *Williams v. Miles*, 68 Neb. 479.

While it is said in *First Nat. Bank v. Gibson, supra*, "The judgment was a lien on the land, and the plaintiff had the undoubted right to make his lien effective," still this, like the language used in *State Bank v. Belk*, and *Foley v. Doyle, supra*, which approve of the doctrine of *Fusze v. Stern*, 17 Ill. App. 429, means, as is said in that case, that the judgment is an *equitable lien* and that the recovery of a judgment which would *in the absence of a fraudulent conveyance* be a legal lien, is all that is necessary to prove in order to have the right to maintain the action.

We have considered at this length our former decisions since it would appear from the position taken by appellees that a misapprehension of our meaning has occurred.

The beginning of a creditor's action gives a specific lien upon the property which it is sought to reach.   The judgment is not a legal lien but the creditor's action is in the nature of an equitable execution and when begun creates a specific lien.   This lien continues while the cause is pending and until final determination.   Since it is of the nature of an execution it tolls the statute of dormancy so far as the particular property sought to be reached is concerned, and hence the issuance of a general execution upon the judgment during the pendency of the creditor's

action is not necessary to keep the judgment alive so far as the specific property equitably levied upon by this suit is concerned. *First Nat. Bank v. Gibson,* 60 Neb. 767; *Coulson v. Galtsman,* 1 Neb. (Unof.) 502; *Cincinnati v. Hafer,* 49 Ohio St. 60.

We are cognizant of the fact that this doctrine is at variance with the position taken by the supreme court of Minnesota in *Newell v. Dart,* 28 Minn. 248, and later cases, and also with the holdings of the courts of North Dakota and South Dakota, but the provisions of the statutes of these states upon which the rule is based by their courts are not the same as those of our statute. The holding in these cases is that at the end of 10 years the judgment is void of vital force. In this state we have taken a different view as to dormant judgments; our statutes are not so broad and emphatic as to the inability to enforce a judgment after the time limited expires. We have held that a sale of real estate upon execution issued upon a dormant judgment could not be attacked collaterally after confirmation. *Gillespie v. Switzer,* 43 Neb. 772; *Link v. Connell,* 48 Neb. 574. A writ issued upon a dormant judgment is not void but voidable. Unless the bar of the statute is raised by motion or pleading it is waived. For these reasons we conclude that the decisions mentioned are not applicable in this state, and we decline to follow them.

At the trial appellant proved the rendition of the judgment, the issuance of an execution upon the same, and its return wholly unsatisfied; that the conveyances alleged to be fraudulent were executed in 1896 and 1897. It was also proved that the promissory note upon which the judgment was rendered was in the hands of an attorney for collection in July, 1896, before any of the conveyances were made. By the pleadings the close family relationship of the parties to the conveyances was admitted, which was such as to throw the burden of proof as to good faith upon them under the familiar rule of this state. After this proof was offered and received, defendants

demurred to the evidence, which demurrer was sustained by the district court. The record itself does not show the ground upon which the demurrer was sustained by the court, but it is stated in appellant's brief, and not denied by appellees, that it was upon the ground that the judgment which it sought to enforce by the creditors' suit had become dormant, and that thereby the right to maintain the action had abated.

Among the issues raised by the answers were the bankruptcy of the principal defendants, and the filing of appellant's judgment as an unsecured claim against the bankrupt estate. Since no evidence was offered or received in the district court upon these issues, and the case was decided there upon other grounds, it is unnecessary for the questions presented by the pleadings, in relation to the effect of the bankruptcy and the filing of appellant's claim, to be considered here. The demurrer to the evidence should have been overruled.

We therefore recommend that the judgment be reversed and the cause remanded to the district court for further proceedings.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded to the district court for further proceedings.

REVERSED.

HOLCOMB, C. J.

I do not think the prior decisions of the court afford any tenable ground for the contention that a judgment in a law action becomes a lien on the purely equitable interest of the judgment debtor in real estate, or that such interest can be reached by an execution on such judgment. I do not see the wisdom or necessity of explaining or distinguishing as to such opinions in rendering a decision on

the questions arising in the case at bar. Certainly, in the case of *Westervelt v. Hagge, supra*—a case involving the right of enforcing an attachment lien—the principle is distinctly recognized that a purely equitable interest in real estate can be reached only by invoking the aid of a court of equity. In *First Nat. Bank v. Gibson* and *State Bank v. Belk, supra,* the things decided were in respect of the time when, and the essential prerequisites upon which, a creditor's bill might be maintained. In neither was the question of the lien of a judgment on an equitable interest in real estate considered or decided. As to *Foley v. Doyle, supra,* this is an opinion of a class formulated by the supreme court commissioners which has been designated as "unofficial." Such opinions are of no value as authority or precedent. Whatever value they possess must be found in their intrinsic merits as being cogent in reasoning and sound in principle. The doctrine of *stare decisis* has no application to opinions of this character. The court is not necessarily bound by anything said therein, nor to the propositions of law enunciated on which the conclusions are predicated. It approves only the conclusions. It is not required of the court that such opinions be cited with approval, if deemed sound in all respects, **nor** that an effort should be made to explain, distinguish, criticise or disapprove them when not followed in subsequent decisions in other cases brought here for its determination. The court has not necessarily approved all the propositions of law advanced as indicated either in the syllabi or in the opinions themselves. They rest on an altogether different footing from the opinions published in the official reports.