IDA A. KIMMERLY, APPELLEE, V. JOHN W. MCMICHAEL
ET AL., APPELLANTS.

FILED MARCH 20, 1909.  No. 15,563.

1. **Homestead:** QUIETING TITLE: DECREE. In a suit by a divorced woman to quiet her title to the former homestead, the court may find that the property was not her separate estate and at the same time subject it to her lien for alimony by canceling a void deed which had been executed in violation of her homestead rights, where the pleadings and proof warrant such relief.

2. **Pleading:** CONSTRUCTION. After decree a petition in equity not attacked by motion or demurrer will be liberally construed by the

supreme court for the purpose of upholding the proceedings of the trial court.

3. **Judgment: PLEADING: DECREE.** In a suit in equity the relief to which plaintiff is entitled under his petition and proofs may be granted pursuant to his general prayer, where defendants understand the issue and resist his allegations by evidence.

4. **Alimony: DECREE: RES JUDICATA.** Allowance of alimony in lieu of a wife's interest in her husband's property is not an adjudication which prevents her from recovering a decree canceling a void deed formerly executed in violation of her homestead rights and interfering with her lien for alimony.

5. **Appeal: HARMLESS ERROR.** A decree in equity should not be reversed for a mere technical error which does not prejudice any party to the suit.

6. **Homestead: INCUMBRANCE: VALIDITY.** A mortgage on a homestead worth less than $2,000, when executed by the husband, but neither signed nor acknowledged by the wife, is void.

APPEAL from the district court for Grant county: JAMES R. HANNA, JUDGE. *Affirmed.*

*William Mitchell,* for appellants.

*O. C. Tarpenning, contra.*

ROSE, J.

Defendant John W. McMichael and plaintiff were husband and wife from March 26, 1898, to July 9, 1906. The district court for Saunders county granted the wife a divorce July 9, 1906, restored her maiden name of Ida A. Kimmerly and allowed her alimony in the sum of $1,000. The present suit was brought in the district court for Grant county. The subject of litigation is a house and lot in Hyannis worth between $500 and $1,200. Plaintiff deeded the property to her husband March 16, 1904. When they were bound by the marriage relation January 23, 1906, the husband attempted by means of a deed in which his wife did not join to convey the property to his codefendant Perry A. Yeast. The trial court found that at the time of the attempted transfer to Yeast the real estate was the homestead of the McMichaels, canceled

Yeast's deed and confirmed the title in grantor, where the property may be subjected to plaintiff's lien for alimony. Defendants appeal.

The principal objection to the decree is that it has no support in the pleadings. It is strenuously argued by defendants that the decree fails to respond to any allegation or prayer of the petition; that it grants. plaintiff relief unasked; that it subjects the property to the decree for alimony under a petition to quiet plaintiff's title; that plaintiff pleaded no interest in the property as a family homestead; and that she did not pray for the protection of any homestead right. All these propositions are included in a single inquiry into the sufficiency of the petition to support the decree.

The petition is not skillfully drawn, but one paragraph contains an averment that plaintiff and her husband made the house and lot in Hyannis their home, and lived and resided there March 16, 1904, and for a long time prior thereto. In another paragraph it is alleged that the real estate described in the petition was March 16, 1904, "and. a long time prior and at all times since, the homestead of this plaintiff." It is true the record shows that plaintiff pleaded she owned the property in her own right; that she bought it with her own money; that it was her separate estate; that she prayed for relief accordingly; that she offered proof in support of such averments; and that the trial court found against her on this branch of the case. It does not follow, however, that she thus lost her right to a decree canceling the deed which was executed by her husband in violation of her homestead interests, if her petition and proof warrant such relief. The averments of the petition as to the homestead were not attacked by motion or demurrer, but were separately denied in different paragraphs of the answer. Defects in plaintiff's allegations did not mislead or prejudice defendants. They understood that plaintiff had asserted her homestead rights as they existed March 16, 1904, when plaintiff transferred the title to her husband, and as they existed

January 23, 1906, when the husband deeded the property to his codefendant Yeast. Defendants also understood that the homestead mentioned in the petition was the homestead of both husband and wife. Both parties to the suit offered proof of the existence and place of the homestead January 23, 1906. When McMichael was testifying as a witness for defendants, he was asked on direct examination: "You may state whether the property in controversy was the homestead of you and your family at the time you sold the property in controversy to Perry A. Yeast in January, 1906." His answer was, "No, sir." Defendants adduced other testimony of like import, and also attempted to prove that the family homestead consisted of a house and a quarter section of land three miles from Hyannis. The court heard the testimony on both sides of the issue as to the homestead and on abundant evidence found in favor of plaintiff.

After proof has been adduced on both sides of a controverted issue and a final decree entered, the petition, when not assailed by motion or demurrer, should be liberally construed by the reviewing court and sustained, "if the essential elements of plaintiff's case may be implied from its terms by reasonable intendment." *Sorensen v. Sorensen*, 68 Neb. 483; *Western Travelers Accident Ass'n v. Tomson*, 72 Neb. 674; *Chicago, R. I. & P. R. Co. v. Kerr*, 74 Neb. 1; *Bennett v. Bennett*, 65 Neb. 432; *Omaha Nat. Bank v. Kiper*, 60 Neb. 33; *American Fire Ins. Co. v. Landfare*, 56 Neb. 482. Under the rule stated, plaintiff's petition, as it appears in the record presented by defendants, must be held sufficient to support the decree. After judgment undue importance should not be attached to technical objections to a petition in a suit in equity fairly tried and correctly decided, where the complaining parties understood the issue, adduced proof thereon and submitted the controversy to the court without attacking the pleading by motion or demurrer.

The decree is said to be erroneous because it grants plaintiff relief for which there is no prayer. There is a

specific prayer for the cancelation of the deed from Mc-Michael to Yeast, and "for such other and further relief as equity may demand." In *Wood v. Speck,* 78 Neb. 435, Mr. Commissioner Epperson said: "Generally, under the rule of equity pleading, if a litigant is not entitled to the relief specifically asked for, he may, nevertheless, recover under the general prayer whatever the proof shows he is entitled to, if consistent with the allegations of his pleading." Under this rule the relief granted in the present case was within the prayer of the petition.

It is asserted the decree must be reversed on the ground that it invades property rights adjudicated in defendants' favor in the suit for divorce. It was therein decreed that "plaintiff have and recover from defendant as alimony in lieu of her interest in property of defendant the sum of $1,000." There is no conflict whatever between the decrees. In the present case the trial court did not award plaintiff any additional property or take any from Mc-Michael, but restored to him the title to the homestead. Yeast's deed was canceled, but he was not a party to the divorce suit and the judgment therein settled no property rights or controversies between him and plaintiff. Under a statute of this state, alimony may become a lien on the homestead, though the title thereto is in the husband when the divorce is granted. *Best v. Zutavern,* 53 Neb. 604; *Fraaman v. Fraaman,* 64 Neb. 472. Plaintiff's right to assert and enforce such a lien and to a decree canceling a deed executed in utter disregard of her homestead interests was not decided against her in the suit for divorce. The validity of the deed through which McMichael attempted to convey the family homestead in violation of law was neither presented nor adjudicated in the decree for alimony. The plea of *res judicata* cannot be sustained.

Defendants pleaded in their answer that McMichael deeded the house and lot in Hyannis to Yeast in consideration of the settlement and release of a debt of $600. It developed during the trial that this debt was secured by a mortgage on the property described in the deed. The

mortgage antedated the deed about a year, and was not signed or acknowledged by mortgagor's wife. The district court canceled the mortgage, though it was not mentioned in plaintiff's petition, and this is assigned as error. The error was without prejudice to defendants and is not sufficient cause for reversal. The mortgagor testified the debt was canceled by the execution of the deed. Yeast, the holder of the mortgage, states positively on his examination as a witness in his own behalf that he makes no claim whatever under it. In addition, the record shows conclusively that it had no greater significance than the void deed by which it was replaced. It was a mortgage on the homestead and was neither signed nor executed by mortgagor's wife. The homestead being of less value than $2,000, the mortgage thereon was absolutely void. *Interstate Savings & Loan Ass'n v. Strine,* 58 Neb. 133; *Kloke v. Wolff,* 78 Neb. 504; *Whitlock v. Gosson,* 35 Neb. 829; *Solt v. Anderson,* 71 Neb. 826; *Horbach v. Tyrrell,* 48 Neb. 514; *Havemeyer v. Dahn,* 48 Neb. 536. It follows that in so far as the mortgage is involved no benefit would accrue to either of defendants from a reversal of the decree.

There is no prejudicial error in the proceedings of the district court, and the judgment is

AFFIRMED.