FAY WHITFIELD ET AL., APPELLEES, V. MAMIE E. CLARK; T. LEWIS YOUNG ET AL., APPELLANTS.

FILED JANUARY 29, 1915. No. 18,010.

Judgment: LIEN ON REALTY. A judgment creditor, by transcripting his judgment to the district court, does not obtain a lien upon real estate which has been conveyed to a third party by the judgment debtor by a duly recorded deed.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed in part, and reversed in part.*

*William G. Rutledge*, for appellants.

*Lambert & Armstrong*, contra.

BARNES, J.

This is an appeal from a judgment of the district court for Nemaha county confirming the proceedings and sale in

a partition suit. The appeal is prosecuted by a creditor of William E. Watkins, the one-time owner of a share in the estate which was disposed of by the judgment from which this appeal was taken.

The record discloses that on the 2d day of August, 1910, one William G. Watkins died intestate, seized in fee of the southeast quarter of section 18, township 6, range 14 east of the sixth P. M., situated in Nemaha county. The decedent left nine children, of whom William E. Watkins was one, and who inherited a one-ninth of the land above described. On February 24, 1911, William E. Watkins conveyed by warranty deed his interest in the above described premises to his sister, Fay Whitfield. Her deed was filed for record in the office of the county clerk of Nemaha county on the following day. On April 5, 1911, the appellants herein, Young and Young, recovered a judgment in the county court of said county against said William E. Watkins for the sum of $232.85, and $4.40 costs. An execution was issued on the judgment and returned unsatisfied. On the 8th day of April, 1911, a transcript of said judgment was filed in the office of the clerk of the district court. No execution was issued on the judgment after it was filed in the office of the clerk of the district court, and no proceedings were taken to obtain satisfaction of the judgment or make it a lien on any real estate, other than the filing, docketing and indexing of the same, and except the proceedings hereinafter set forth.

It further appears that Fay Whitfield commenced an action to partition the estate. Appellants filed an answer and cross-petition, claiming their judgment to be a prior lien on the former interest of William E. Watkins, and also praying for a partition of said premises. On the trial of the partition suit, the court found and decreed that the appellants had no lien by virtue of their judgment upon the interest in the real estate formerly owned by William E. Watkins, and which was conveyed by his deed to Fay Whitfield. To this finding and decree the appellants excepted. On September 21, 1912, the real estate was sold by a referee to the appellee Margaret Katherine Watkins.

The appellants filed objections to the confirmation, which were overruled, and an exception was taken. The sale was confirmed and a deed was made to the purchaser. The court fixed the sum of $500 as the amount of the supersedeas bond, and ordered the referee to retain in his hands, pending the final determination of the appeal, the sum of $310 of the proceeds of the sale.

Appellants contend that the finding and judgment of the trial court, that as a creditor they had no interest in, or lien on, the share of their debtor, William E. Watkins, in the estate disposed of by the decree, is not sustained by the evidence and is contrary to law. The only question presented by the appeal is: Was the appellants' judgment, which was transcripted to the district court, a statutory lien on William E. Watkins' share of his father's estate, which he conveyed by warranty deed to his sister, Fay Whitfield? When the transcript of appellants' judgment was filed in the district court, the judgment debtor had conveyed his share of his father's estate to his sister, and her deed had been recorded. The conveyance was fraudulent as to creditors, but was not void; it was voidable only. It was good between the parties to it, and conveyed the legal title to the grantee, which might be defeated by proceedings in the nature of a creditor's bill. Appellants took no action whatever to create a specific lien on the debtor's interest in the estate. There was no attempt to levy an execution thereon, and no creditor's suit was commenced by them. It follows that this case should be ruled by *Flint v. Chaloupka,* 72 Neb. 34, where it was held that such a judgment is not a specific lien on real estate which has been conveyed to a third person.

The order of the district court, requiring the referee to retain in his possession the amount of the appellants' judgment, should be set aside, and the judgment of the district court is in all other things affirmed.

JUDGMENT ACCORDINGLY.

MORRISSEY, C. J., not sitting.