FRIDLEY et al, Appellants, v. MUNSON et al, Respondents.

(191 N. W. 453.)

(File No. 4996. Opinion filed December 30, 1922.)

**1. Judgment—Real Property—Quieting Title—Judgment Lien Does Not Attach to Equitable Interest in Realty Without Execution.**

A judgment lien does not attach to equitable interests in land without execution thereon, so as to support an action under Rev. Code 1919, Sec. 2846, providing that "an action may be maintained by any person or persons having or claiming to have an estate or interest in, or lien or incumbrance upon, any real property * * * for the purpose of determining such adverse * * * estate, lien or incumbrance."

**2. Quieting Title—Pleading—Complaint—Demurrer—Merely "Claiming" Lien Gives No Right to Sue to Determine Adverse Claims and Complaint Showing No Lien Insufficient or Demurrer to State Cause of Action.**

Merely "claiming" a lien on real property, where the pleadings show that no lien in fact exists, will not support an action to determine adverse interests, under Rev. Code 1919, Sec. 2846, providing "an action may be maintained by any person or persons having or claiming to have an estate or interests in, or lien or incumbrance upon, any real property. * * *"

Gates, P. J., dissenting.

Appeal from Circuit Court, Hamlin County; Hon. W. S. Skinner, Judge.

Action by J. K. Fridley and another against M. A. Munson and others. From an order sustaining defendant Munson's demurrer to the complaint, plaintiffs appeal. Affirmed.

*M. E. Culhane, B. H. Schaphorst,* and *F. C. Austin,* all of Brookings, and *M. J. Russell,* of Watertown, for Appellants.

*Eugene Campbell,* of Watertown, for Respondents.

Appellants cited: Berry v. Howard (S. D.), 146 N. W. 577; Sexton v. Sutherland et al (N. D.), 164 N. W. 278; Welsh v. Krause (S. D.), 161 N. W. 189; Brown v. Edmunds, 9 S. D. 273, 68 N. W. 734; 23 Cyc. 1370; 15 C. J., Sec. 380; Bradley et al v. Helgerson et al, 86 N. W. 634; Smith v. Security Loan & Trust Co. et al, 79 N. W. 981.

Respondent cited: Sec. 2569, Rev. Code 1919; Cummings v. Duncan, 134 N. W. 712; 17 Am. & Eng. Ency. of Law, 778; 23 Cyc. 1370; Nessler v. Heher, 18 Neb. 649, 26 N. W. 471; Davis

v. Williams, 130 Ala. 530, 20 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55; Smith v. Engles, 2 Or. 43; Bloomfield v. Hu-mason, 11 Or. 229, 4 Pac. 332; Ried v. Gorman (S. D.), 158 N. W. 780; 57 L. R. A., pp. 643-654; Dalrymple v. Security L. & T. Co., 11 N. D. 65, 88 N. W. 1033; Doak v. Runyan, 33 Mich. 75; Moyer v. Hinman, 13 N. Y. 180; Marston v. Osgood, 69 N. H. 96; 38 Atl. 378; Holman v. Creagmiles, 14 Ind. 177; Lefferson v. Dallas, 20 Ohio St. 69; Stewart v. Coder, 11 Pa. 90; Hardeen v. McMichael, 68 Ga. 578; Coolbough v. Roemer, 30 Minn. 424, 15 N. W. 869; Filley v. Duncan, 1 Neb. 134, 93 Am. Dec. 337; McMullen v. Wenner (Pa.), 16 Serg. & R. 18, 16 Am. Dec. 543; Kimports v. Bynton, 120 Pa. 306, 14 Atl. 135, 6 Am. St. Rep. 706; Wehn v. Fall, 55 Neb. 547, 76 N. W. 13, 70 Am. St. Rep. 397; Snyder v. Martin, 17 W. Va. 276, 41 Am. Rep. 670; Hope v. Blair, 105 Mo. 85, 16 S. W. 595, 24 Am. St. Rep. 366; Mc-Laurie v. Barnes, 72 Ill. 73; Green v. Daniels, 53 C. C. A. 379, 115 Fed. 449; 39 Cyc. 1627; Sec. 181, Freeman on Executions (3d Ed.); Fleming v. Sherwood, 139 N. W. 101; Van Cleve v. Groves, 4 N. J. Eq. 330; Flint v. Chaloupka, 117 Am. St. Rep. 771; 15 R. C. L., Sec. 251; Porter v. Brooks, 35 Cal. 199; Weeks v. Cranmer, 17 S. D. 173; Thornhill v. Olsen, 153 N. W. 442; Morse v. Pickler (S. D.), 134 N. W. 809; Jones Law of Evidence, Sec. 12; Anthony v. Wheeler, 17 Am. St. Rep. 288; Estees Pleading, Sec. 3278; Bliss on Code Pleading (3d Ed.), Sec. 211.

SMITH, J. This is an appeal from an order sustaining defendant's demurrer to plaintiffs' complaint. Plaintiffs' claim to the relief demanded is founded upon section 2846, R. C. 1919, which provides that:

"An action may be maintained by any person or persons having or claiming to have an estate or interest in or lien or incumbrance upon, any real property, whether in or out of possession thereof, and whether such property is vacant or occupied, against any person or persons claiming an estate or interest in or lien or incumbrance upon the same, for the purpose of determining such adverse * * * estate, lien or incumbrance, and against all persons," etc.

The complaint alleges that the plaintiffs obtained a judgment against W. S. Madden and P. H. Madden in the amount of $1,284.51, which was filed, entered, and docketed on December 9,

1915; that in November, 1920, an execution was issued thereon, which was returned wholly unsatisfied; that at the time of docketing said judgment, the defendants Madden were, in fact, the owners and had possession of certain described real estate; that about the 21st day of February, 1918, defendant Munson became the record owner of said real estate; that the Maddens have never been the owners of the record title of said land since the rendition of the judgment; that defendant Munson claims some right or interest in said land adverse to plaintiffs, but that such claim is subordinate and inferior to the plaintiff's rights and claims as herein stated; that plaintiffs claim a lien upon said real estate by virtue of said judgment, and this action is brought to determine the liens or interests of all parties, and for the purpose of having the plaintiffs declared to have a judgment lien on said premises for the amount of said judgment.

The defendant Munson demurred to the complaint on three grounds, only one of which requires consideration, namely: That the complaint does not state facts sufficient to constitute a cause of action. Demurrer sustained, and plaintiffs appeal.

It is assumed in argument by counsel on both sides, that an equitable interest or estate in the property was in the Maddens at the time the judgment was docketed, and that the legal and record title was in some other person not disclosed by the record, until February, 1918, when the legal and record title became vested in Munson. The question decisive of the appeal is whether such judgment became a lien upon the equitable estate resting in the Maddens.

[1] It is appellant's contention that the judgment became a lien upon such equitable estate and that plaintiffs, therefore, are lienholders and entitled to maintain this action under section 2846, supra, which provides that every person having, or claiming to have, a lien upon real estate property, whether in or out of possession thereof, and whether such property is vacant or occupied, may maintain an action against any person claiming an estate or interest in such land. Whether the person or persons holding the legal title prior to the time defendant Munson acquired title, are necessary parties to this action, we are not called upon to determine, as that question is not raised by the demurrer.

The complaint alleges that an execution was issued upon the

judgment and returned unsatisfied, and it stands conceded and assumed by both parties, that no levy thereunder was ever made, and that plaintiffs' claim as a lienholder rests solely upon the alleged lien of the judgment itself. So far as material here, section 2569, R. C. 1919, provides that:

"On filing a judgment roll upon a judgment of the circuit court directing in whole or in part the payment of money, it may be docketed with the clerk of the court in which it was rendered * * * and it shall be a lien on all the real property, except the homestead, in the county where the judgment is so docketed, of every person against whom any such judgment shall be rendered," etc.

The precise question here presented was before our sister state upon a statute identical with section 2569, in Cummings v. Duncan, 22 N. D. 534, 134 N. W. 712, Ann. Cas. 1914B, 976. In that case defendant Duncan obtained a judgment against one Torkelson. Torkelson was then the owner of an equitable interest or estate in certain lands, by virtue of executory contract of purchase and sale entered into between himself and the former owners of the land, who still held the legal title thereto. The plaintiff Cummings became owner of Torkelson's equitable interest in the land, by an assignment of the contract, and brought an action to determine the validity of the judgment lien claimed by Duncan. The court said:

"His [Duncan's] contention, in brief, is that the mere docketing of a judgment creates a lien on the equitable estate of the judgment debtor within the county, under section 7082, R. C. 1905. * * * Appellant's contention, if sound, necessitates a holding, therefore, that at the date this judgment was docketed, or subsequent thereto, this land was the real property of the judgment debtor, Torkelson. * * * It would serve no good purpose to review the authorities in detail, and we shall not do so. Suffice it to say that we deem it entirely clear that the defendant, by the mere docketing of the judgment, acquired no lien on Torkelson's equitable interest in such real estate. If he desired to reach such equitable interests, he should have levied thereon under an execution. Section 7082, R. C., above mentioned, has no application to mere equitable interests in real property; but it confers,

and was intended to confer, a lien only on the legal title held by the judgment debtor."

This view is reinforced by the provisions of section 2639, R. C. 1919, which provides that:

"All property, both real and personal, or any interest therein, of the judgment debtor, not exempt by law, and all property and rights of property, seized and held under attachment in the action, are liable to execution."

And also section 2679, Id., which provides:

"Upon a sale of real property the purchaser is substituted to, and acquires all the right, title, interest and claim of the judgment debtor," etc.

It is clear, therefore, under this statute, that an equitable interest or estate in real property may be levied upon and sold under execution, and that such a levy would create a lien which would entitle the holder thereof to maintain an action to determine the validity of such lien, as was held by this court in Brooke v. Eastman, 17 S. D. 339, 96 N. W. 699.

In Flint v. Chaloupka, 72 Neb. 34, 99 N. W. 825, 117 Am. St. Rep. 771, it was held that a judgment of the district court is not a lien upon the equitable interest in the real estate of the debtor, and the learned author of the note to that case says:

"At the common law, and under the law as it now exists in many of the American commonwealths, a judgment does not confer a lien upon an equitable title or interest in real estate"—citing numerous cases.

In 15 R. C. L. 251, it is said:

"Judgment liens are the creatures of statute or law, and owe their life and force entirely to legislation. * * * Not every lien is a judgment lien, and not every judgment operates as a lien. Care should be taken to discriminate between a statutory judgment lien, and a lien acquired by virtue of an execution issued under a general judgment. When a judgment does not have the effect of creating a lien, the execution based thereon may result in establishing a lien."

Appellants cite Smith v. Loan Co., 8 N. D. 451, 79 N. W. 981, holding that a holder of the mere naked title to real property, having no interest therein, is not a real party in interest, and cannot maintain an action to remove clouds from the title. The

court, in that case, discusses the statutes of that state relating to uses and trusts, as affecting the right of one not the owner of a beneficial interest in the property, and not vested with any power of actual disposition or management thereof to maintain such action.

These statutes (§§ 366, 367, R. C. 1919), however, relate to and control only the substantive legal rights of parties, and do not affect statutes relating to judgment liens, which pertain to the remedy. One who has no substantive right is not, under our statute, entitled to demand a legal remedy; and that decision goes no further than to announce this rule. It may also be noted that the Torkelson case, supra, was decided by that court many years later than the Smith case, and is the last work of that court upon the question under discussion.

Appellant urges, with great earnestness, that if the ruling of the circuit court be sustained, a debtor may own any amount of real estate and, by putting the legal title in some third person, can prevent judgment creditors and others from reaching the debtor's interest in such land under an execution. No such result would follow. The interest of a debtor in real estate, either legal or equitable, can be levied upon and sold under execution. The non-existence of a judgment lien in no way affects the right of the judgment creditor to obtain a lien by the levy of an execution, and the enforcement of such lien by a sale of the debtor's interest in the real estate, subject, of course, to any equities existing in persons not parties to the judgment.

In Reid v. Gorman, 37 S. D. 314, 158 N. W. 780, this court held that a judgment lien attached to the interest remaining in a vendor who still held the legal title, but had entered into an executory contract for the sale of real estate. The decisions are practically unanimous in so holding. But this case gives no support to appellants' contention that a judgment creates a lien upon an equitable estate or interest in land, the legal title to which is held by another.

It is true that courts of equity have always aided judgments at law by establishing them as liens upon, and enforcing them against, equitable interests in land (Freedman's Savings & Trust Co. v. Earle, 110 U. S. 710, 4 Sup. Ct. 226, 28 L. ed. 301), but this action is not a creditor's bill in equity. Appellants found

their action solely upon their claim to a judgment lien. It is perfectly clear that equitable estates or interests in real property may be levied upon and sold to satisfy money judgments, that the levy of an execution may create a lien which will sustain an action under this statute, and that the purchaser of such interest or estate at an execution sale may maintain such an action.

[2]   But where, as in this case, it appears from the allegations of the complaint that plaintiffs have acquired no judgment lien and none by levy under an execution, the complaint fails to state a cause of action under the statute, nor can appellants bring themselves within the statute by claiming a lien, when their own pleading shows they have no such lien.

The order of the trial court is affirmed.

ANDERSON, J., not sitting.

GATES, P. J. (dissenting). The statute says that a docketed judgment shall be a lien upon "all the real property" of the judgment debtor except the homestead. I think the statute should be construed to mean as it reads, and should not be construed to mean that the judgment is a lien only upon the legal title of the judgment debtor. No harm can come to an innocent purchaser or incumbrancer by the construction for which I contend, because he would be protected. In such case, while the judgment would be a lien, it would not be an apparent lien upon property the title to which did not stand of record in the judgment debtor, as against such innocent purchaser or incumbrancer. As sustaining my position, see 15 R. C. L. 806, and Black on Judgments, §§ 418-445.

Note.—Reported in 191 N. W. 453. See, Headnote (1), American Key-Numbered Digest, Judgment, Key-No. 780(2), 23 Cyc. 1369-1370,. Quieting Title, Key-No. 21, 32 Cyc. 1342; (2) Quieting Title, Key-No. 21, 32 Cyc. 1343.