LEONARD HILTON, APPELLANT, V. GUY L. CLEMENTS, EXECUTOR, CROSS-APPELLEE: WILLIAM H. BERGER ET AL., APPELLEES.

291 N. W. 483

FILED MARCH 29, 1940. No. 30648.

*Harry Grimminger* and *Lloyd E. Peterson*, for appellant.

*H. G. Wellensiek* and *W. A. Robertson, contra.*

*Guy L. Clements, pro se.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

The plaintiff, a resident of Hall county, Nebraska, recovered a judgment in the district court against William H. Berger, on December 6, 1928, in the amount of $1,515.20, with interest and costs. The judgment was kept in force as a valid existing lien by issuance of execution and return thereon, without property found upon which to levy. The transcript of the judgment was filed in the district court for Cass county on November 28, 1934, and was a valid existing lien on July 19, 1935, when the plaintiff instituted the present action in the nature of a creditors' bill. In this court the plaintiff appears as appellant and cross-appellee; defendants William H. Berger and Flora Zachary as appellees and cross-appellants, and defendant Guy L. Clements as cross-appellee.

The purpose of this action is to set aside an assignment, to sell the property, goods, chattels, rights and credits of

William H. Berger, assignor, and apply the proceeds to the payment of plaintiff's judgment, to restrain and enjoin the executor of the estate of George L. Berger from distributing any property bequeathed to William H. Berger, and for such other and further relief as may be just and equitable. The assignment in question was made on April 26, 1935, by William H. Berger to his sister, Flora Zachary, assigning to her all of his right, title and interest in the cash, notes, mortgages and choses in action, and other property that would come to him out of the estate of his father, George L. Berger. At the time of the execution of the assignment, the estate of George L. Berger was pending in the county court of Cass county, and the property of said estate was in the hands of the executor thereof.

William H. Berger claimed that he was, and had been, for many years, indebted to his sister, Flora Zachary. The indebtedness started with a small amount, and no record was kept thereof from and after 1920. Berger at the time of trial was 60 years of age. He had engaged in farming in and near Grand Island, suffered financial reverses and became seriously ill. He testified he was forced from his home. On October 1, 1929, he went to live with his sister in Omaha, Nebraska. She was engaged in keeping roomers and boarders and at times sold merchandise from door to door. He boarded and roomed in her home the greater part of the time. The reasonable value of the services rendered by her in this respect was fixed at $7 a week, and it is further claimed that the sister had advanced to him the sum of $8 a week for traveling and for medicine and doctor's bills for certain physical ailments suffered by him, of which he could not become permanently cured, and which rendered him unfit for work. He further testified that his sister had advanced to him an amount equal to $25 or $30 a week. The sister stated she had also loaned him $500 or $600, which she had received from her mother's estate. Berger was indebted to his father's estate in the amount of $2,690.19, which was deducted from his share thereof. The assignment recited the express consideration for nurs-

ing, care and support furnished by Flora Zachary to William H. Berger, and for services of a like nature in the future. There is nothing in the record to sustain the advancement of funds as claimed, except the statements made by Berger and Flora Zachary. There is no evidence of indebtedness between them, with the exception of a note in the sum of $1,500, in favor of Flora Zachary, dated December 20, 1930, due and payable December 20, 1931, for money advanced to her brother. At the time of the execution of this note William H. Berger agreed orally with Flora Zachary to pay her from any amount constituting the distributive share of his father's estate. This note remained unpaid. In addition to the foregoing evidence, there is testimony to the effect that Berger made the assignment in question for the purpose of defeating any claim that his wife might have for support, and the plaintiff understood that the assignment was made for such purpose, claiming that the executor informed him of the fact.

Where an assignment is made by an heir and beneficiary under a will of all his right, title and interest in and to all of his distributive share of an estate to his sister, in consideration of nursing, care and support, and in consideration of future services of a like character, the effect of the assignment is to put the property of the assignor beyond the reach of a judgment creditor, and the transaction will be closely scrutinized.

It is a rule of law that transactions between relatives, such as a brother and sister, by which property is transferred by assignment by one who is unable to pay his just debts, should be carefully scrutinized. Such transactions are presumptively fraudulent, and the burden is upon him who asserts the good faith thereof to prove it. See *Buckner v. McHugh,* 123 Neb. 396, 401, 243 N. W. 119, citing *Light v. Kennard,* 11 Neb. 129, 7 N. W. 539.

The question of fraudulent intent is a question of fact and not of law, when considered in the matter of an assignment charged to be made to hinder and delay creditors. When the testimony relied upon to show good faith is given

by interested relatives only, the reasonableness or unreasonableness of their evidence has considerable weight in arriving at a just conclusion. The testimony of the brother and sister in the instant case is void of corroboration. The trial court found, and the record warrants the finding, that the assignment in question was fraudulent and void as to the plaintiff, the judgment creditor, and that the assignor and the assignee participated in the fraud.

June 21, 1935, an affidavit in garnishment was filed by plaintiff and garnishee summons issued thereon, served personally on the executor June 22, 1935. Section 20-1026, Comp. St. 1929, provides that, pursuant to a garnishee summons, the garnishee shall appear and answer under oath all questions put to him, touching all property and credits of every description in his possession or under his control, and disclose the amount owing by him to the defendant, whether due or not. The executor claims that he appeared for the purpose of such examination but that no one was present to examine him. He did not file a written answer. Defendant Berger was in Plattsmouth on the day set for hearing claims against his father's estate, to assist the executor in checking the claims, when he heard that the garnishment had issued, and made this assignment. The executor dictated the assignment to a stenographer. He acted in a dual capacity as attorney for and executor of the estate.

On the same day the executor was to appear as directed by the garnishee summons, he filed a final report and petition for final settlement in the county court. He did not inform the county court of the plaintiff's suit, or the nature thereof, or that he was served with process as a party defendant, or that he was served with garnishee summons. Hearing was ordered on the petition for final settlement for August 16, 1935, notice published as required by law, final decree entered August 16, 1935, and the executor, in compliance with the assignment and in accordance with the decree on final settlement, paid over to the assignee, Flora Zachary, the distributive share of William H. Berger in the

estate of George L. Berger, deceased, and receipt thereof was filed in the county court. The executor was discharged October 18, 1935.

The trial court found that the executor did not participate in the fraudulent purpose of the defendants Berger and Zachary, but acted in good faith in closing the estate and making distribution of the assets thereof under the order of the county court. The plaintiff contends that the court erred in making the foregoing finding, for the reason that the executor of the estate of George L. Berger was duly served with summons, advised of the nature of plaintiff's action prior to closing the estate, and that the executor was not acting in good faith in the premises. The court decreed that a lien existed from and after July 23, 1935, on the distributive share of William H. Berger in the hands of the executor.

In 37 C. J. 308, it is said: "Generally speaking, an equitable lien is a right, not recognized at law, and which a court of equity recognizes and enforces as distinct from strictly legal rights, to have a fund or specific property, or the proceeds, applied in full or in part to the payment of a particular debt or demand; a right of a special nature over property which constitutes a charge or encumbrance so that the property itself may be proceeded against in an equitable action, and either sold or sequestered, and its proceeds * * * applied on the debt or demand of the person in whose favor the lien exists."

The plaintiff's petition in the instant case prayed that the property, goods, chattels, rights and credits due the defendant William H. Berger be ordered sold, as required by law, and the proceeds applied on the payment of the plaintiff's judgment.

Plaintiff cites 8 R. C. L. 33, sec. 38, which states, in substance: Where no specific lien has been acquired upon the property before suit, the filing of a creditor's bill in equity to reach personal assets of the debtor, or at least the service of process upon the suit, will operate as a specific lien in the nature of an attachment or equitable levy upon the

property sought to be charged. This principle of law receives support in this state as evidenced by the language contained in *Flint v. Chaloupka*, 72 Neb. 34, 99 N. W. 825, as follows: The beginning of a creditors' action gives a specific lien upon the property which it is *sought to reach*, and continues while the cause is pending.

In the case of *Plummer & Davis v. School District No. 1 of Marianna*, 90 Ark. 236, 118 S. W. 1011, we find this language (p. 240) : "The lien obtained on the equitable assets of a debtor by a creditor's suit attaches thereto from the time of the service of process, or * * * on the filing of the bill and suing out of process."

The plaintiff further contends that the distributive share of a debtor in the hands of an administrator or an executor is reached by a creditors' bill. This court in the case of *Fremont Farmers Union Cooperative Ass'n v. Markussen*, 136 Neb. 567, 286 N. W. 784, held: "A creditors' suit may be maintained to impress a lien upon the distributive share of a judgment debtor in a decedent's estate, which is in process of administration in the county court, and to require the administrator or executor to account for it, after order of distribution by the county court, to the clerk of the district court."

The executor's defense is that he was obligated to close the estate, as required by law, and to follow the orders and directions of the county court, to avoid personal liability. The district court cannot, necessarily, make any order that will interfere with the process of administering the estate and making it ready for final distribution. It can, however, implant a lien on such unexempt portion thereof as may be coming to a particular heir and require the administrator to account for it after final order of the county court to the clerk of the district court, or a receiver appointed for that purpose, if the plaintiff so prays or requests, which the plaintiff in the instant case did not do. See *Fremont Farmers Union Cooperative Ass'n v. Markussen, supra.*

The executor for further defense states that no restraining order was issued or undertaking given as required in

the issuance of a restraining order, and that he was not enjoined from disposing of the assets constituting the distributive share of defendant William H. Berger in the estate of George L. Berger, deceased, and in his hands as executor thereof.

The court in *King v. Goodwin,* 130 Ill. 102, 22 N. E. 533, held: "The general rule is, that the filing of a creditor's bill, and service of process, create a lien on the equitable assets of the judgment debtor, without an order for an injunction or the appointment of a receiver. This lien cannot be impaired."

It would further appear from the executor's contention that his defense is to the effect that the prayer of plaintiff's petition is insufficient to impress an equitable lien upon the distributive share of William H. Berger, heir, in the hands of the executor, for the reason that the prayer does not contain language specifically to such effect.

This court, in *Kimmerly v. McMichael,* 83 Neb. 789, 120 N. W. 487, held: "In a suit in equity the relief to which plaintiff is entitled under his petition and proofs may be granted pursuant to his general prayer, where defendants understand the issue and resist his allegations by evidence." And in the body of the opinion, at page 793, the court, in quoting from *Wood v. Speck,* 78 Neb. 435, 110 N. W. 1001, said: " 'Generally, under the rule of equity pleading, if a litigant is not entitled to the relief specifically asked for, he may, nevertheless, recover under the general prayer whatever the proof shows he is entitled to, if consistent with the allegations of his pleading.' "

In the instant case, the evidence of the executor, of course, was taken after he had disposed of the distributive share of William H. Berger, as provided by the assignment by Berger to his sister, Flora Zachary, but such fact would not alter the rule announced in the above case, where it is apparent from the record that the executor understood the issues and had full knowledge of the objectives sought by the plaintiff in his petition. In furtherance of the foregoing rule, this court in *Burnham v. Bennison,* 121 Neb.

291, 236 N. W. 745, held: "The general rule of equity pleading which is preserved by our Code is that, if there is a prayer for general relief, as well as for special relief, the court may extend the relief specially prayed for and give such other relief as the case warrants, consistent with the general frame and purpose of the petition."

It has been held: "The failure to ask relief to which it is apparent the party is entitled will not, as a general rule, have the effect to deprive him of the relief to which he is entitled in fact; and especially is this so where the defendant has appeared and answered." 16 Encyclopedia, Pleading and Practice, p. 795, and cases cited. And in 5 Encyclopedia, Pleading and Practice, p. 568, it is said: "Under the general prayer for other and further relief, the creditor, as in other suits, is entitled to such relief as the law announces upon the facts pleaded and proved, whether especially asked for or not."

Without repeating the evidence but referring thereto, we believe the executor did not act in good faith. "Good faith consists in an honest intention to abstain from taking any unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render all transactions unconscientious." *Wood v. Conrad*, 2 S. Dak. 334, 50 N. W. 95. With full knowledge of all of the facts and the purpose of plaintiff's action, as heretofore related, the executor proceeded to file his final order and close the estate, and pay the assignee the distributive share of William H. Berger, the assignor.

Under the circumstances of this case, the trial court did not err in creating an equitable lien on the distributive share of William H. Berger in the George L. Berger estate in favor of the plaintiff. In addition thereto, equity and good conscience require that the executor account to the district court for such distributive share of William H. Berger, and, upon failure to do so, judgment shall be rendered in favor of the plaintiff and against the executor personally for an amount equal to, but not in excess of, the distributive share

of William H. Berger in the estate of George L. Berger, deceased.

AFFIRMED AS MODIFIED.