NELLIE C. E. NOWKA ET AL., APPELLEES, V. FRANK NOWKA ET AL., APPELLANTS, IMPLEADED WITH J. E. VAN ORSDEL, APPELLEE.

58 N. W. 2d 600

Filed May 22, 1953. No. 33334.

*J. E. Willits,* for appellants.

*Stiner & Boslaugh,* for appellees Nowka.

*Harry F. Russell,* for appellee Van Orsdel.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This case as originally instituted was by Nellie C. E. Nowka and Iolagene Schmidt, plaintiffs, against Frank Nowka and Ida M. Nowka. J. E. Van Orsdel was later made a defendant. By the petition it was alleged that Frank Nowka and Nellie C. E. Nowka were formerly husband and wife but that they were divorced on September 27, 1928; that Iolagene Schmidt was the daughter of these parties; that by the decree Nellie C. E. Nowka was granted alimony and an award for child support and that under the decree there is due and owing in excess of $6,000 including interest; that the defendants Frank Nowka and Ida M. Nowka are the title owners of Lot 4 in Block 2 of Birdsall's Addition to Hastings, Nebraska; that the amounts due under the decree of divorce are a lien on the interest of Frank Nowka in this property; and that J. E. Van Orsdel has or claims an interest in the property but that his in-

terest if any is inferior and subject to the lien of the amounts due under the divorce decree. The prayer was for a first lien in favor of plaintiffs upon the interest of Frank Nowka in the property, for an accounting of amounts due under the decree, for a sale of the interest of Frank Nowka and application of the proceeds to payment of the amounts due under the decree, and for costs and attorney's fees.

Certain dilatory pleadings were filed by the defendants Frank Nowka and Ida M. Nowka which were ruled upon adversely to the said defendants. The rulings were preserved in the record and assignments of error are based thereon in the brief.

Under the rules of this court the consideration of a cause will be limited to errors assigned and discussed, subject however to the further rule that the court may at its option notice a plain error not assigned. Linder v. State, 156 Neb. 504, 56 N. W. 2d 734.

The matters involved in the rulings on dilatory pleadings have not been discussed in the brief either by reference to assignments of error or otherwise. They will therefore not be considered here.

To the petition the defendant Van Orsdel filed an answer and cross-petition. To the extent of importance here, it was alleged therein that Frank Nowka and Ida M. Nowka are the owners of the real estate described; that this defendant claims an interest therein by virtue of a contract of purchase from Frank Nowka and that his interest is superior to any claims or lien of plaintiffs; that the contract representing his interest is in writing and was entered into on July 12, 1950; that the agreed purchase price was $6,500 of which $100 had been paid; that payment of the balance was conditioned upon Frank Nowka furnishing a merchantable abstract of title on August 12, 1950, which was never furnished; that this defendant was placed in actual possession of the property; that this defendant has been ready and willing at all times to complete the purchase; and that this de-

fendant has been desirous of selling the property but because Frank Nowka has not performed under his contract he has been unable to do so to his damage in the amount of $2,500.

By his prayer this defendant prays for a lien superior to that of plaintiffs but that if the court finds the lien of plaintiffs to be superior that he be awarded a judgment for nonfulfillment of the contract in the amount of $2,500 with costs, and for equitable relief.

The defendants Frank Nowka and Ida M. Nowka filed an answer and cross-petition responding to the petition of plaintiffs. The pertinent parts are that the amounts claimed to be due under the decree were not recoverable for the reason that they were barred by the statute of limitations relating to judgments; that recovery was barred by laches; and that the real estate in question could not be subjected to the payment of the amounts in any event since it was held in joint tenancy by these defendants. They prayed judgment in their favor.

To this answer and cross-petition the defendant Van Orsdel filed a reply in which he renewed the prayer of his answer and cross-petition. The plaintiffs filed an answer and reply in which they reasserted the claims and the prayer of their petition.

Later the defendants Frank Nowka and Ida M. Nowka filed an answer to the answer and cross-petition of the defendant Van Orsdel in which they alleged that the contract between Frank Nowka and Van Orsdel had expired and that Ida M. Nowka is not a party thereto.

On the issues presented by these pleadings the case was tried and a decree rendered. By the decree Frank Nowka was declared to be the equitable owner of the real estate in question. The decree for alimony and child support was decreed to be in full force and effect in favor of the plaintiff Nellie C. E. Nowka. The amount due on account of alimony as of the date of rendition of the decree was found to be $2,498.82 with interest at

5 percent. The amount due as of the same date for child support was found to be $4,925.32 with interest at 7 percent. These amounts together with costs in the amount of $297.60 and an attorney's fee in the amount of $250 were decreed to be a first lien upon the real estate in question. The defendant Van Orsdel was awarded a judgment against the defendant Frank Nowka in the amount of $1,013.33 with interest at 6 percent. This judgment was decreed to be a lien against the real estate in question junior and inferior only to the lien in favor of Nellie C. E. Nowka, but superior to any interest of Ida M. Nowka therein. The decree required payment of the named amounts within 20 days and for failure in that respect that the real estate be sold as upon execution and the proceeds applied first to the payment of costs, second to the payment of the first lien, and third to the payment of the second lien.

Following the rendition of decree the defendants Frank Nowka and Ida M. Nowka filed a motion for new trial which was duly overruled. From the decree and the order overruling the motion for new trial these defendants have appealed.

In their brief the appellants have set forth 16 assignments of error and 43 propositions of law. Only those are discussed in the brief which assert that the statute of limitations has run against the obligation to make the payments of alimony and child support provided for in the divorce decree, and those which declare the real estate being in joint tenancy enforcement of payment may not be had out of it. No question is raised in the discussion as to the accounting of the amounts due under the divorce decree.

As to the question of whether or not the statute of limitations bars a recovery there cannot be the slightest question. The statute of limitations is not a bar.

In 1947 the Legislature adopted what now appears as section 76-623, R. R. S. 1943, as follows: "Where no execution has issued on a judgment for five years, other

than a judgment for child support alone or a judgment for child support which is accompanied by any part of a judgment allowing alimony, the judgment ceases to be a lien and should not be treated as a defect in title."

This court, in 1950, in Lippincott v. Lippincott, 152 Neb. 374, 41 N. W. 2d 232, without reference to section 76-623, R. R. S. 1943, but with reference only to the general provision relating to dormant judgments (sections 25-1420 and 25-1515, R. R. S. 1943), held that a decree for alimony in a divorce action was not a judgment within the meaning of these general provisions and that the statute of limitations was not available as a defense against the recovery of delinquent alimony payments.

The pronouncement in this case was approved in Miller v. Miller, 153 Neb. 890, 46 N. W. 2d 618.

These provisions are as follows:

Section 25-1420, R. R. S. 1943: "If a judgment becomes dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment; *Provided*, no judgment shall be revived unless action to revive the same be commenced within ten years after such judgment became dormant."

Section 25-1515, R. R. S. 1943: "If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment, and all taxable costs in the action in which such judgment was obtained, shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor."

In the case of In re Application of Miller, 139 Neb. 242, 297 N. W. 91, a case decided before the adoption of section 76-623, R. R. S. 1943, this court arrived at the same conclusion as in the two cited later cases.

Therefore by statute and by legal decision it is declared that a decree awarding alimony and child support in an action for divorce does not become dormant by lapse of time and the defense of the statute of limitations is not available to defeat recovery of delinquent payments.

The subject for determination as to the other question discussed in the brief is that of whether or not the taking of the deed to the real estate in the names of Frank Nowka and Ida M. Nowka as joint tenants was void as being in fraud of Nellie C. E. Nowka, an existing creditor.

It is unquestionably true that the deed to Frank Nowka and Ida M. Nowka was on its face joint. The effect of the deed as between the two of them in the absence of any intervening right of Nellie C. E. Nowka as a creditor of Frank Nowka we are not required to and do not consider. We consider only the right of this plaintiff as a creditor.

She was a creditor in the nature of a judgment creditor before the deed was received by Frank Nowka and Ida M. Nowka. Factually the money used to purchase the real estate was a part of the price obtained from the sale of other land title to which had been held in joint tenancy. The money was held in a bank in the name of Frank Nowka. There is no evidence that Ida M. Nowka participated in the arrangements for the purchase. There is nothing to indicate that Ida M. Nowka knew at the time that joint title to the property was taken. The indications are that the real estate was treated by Frank Nowka as his own and not as joint property. The representations of the contract to sell to the defendant Van Orsdel are of sole ownership in Frank Nowka. There is no evidence of an understanding or agreement between these two that this property was to be acquired in joint tenancy.

On the other hand the record discloses that prior to the acquisition of this property these parties had other

real estate and that in each instance the title was taken in joint tenancy. Also the money which was in each instance invested was accumulated through their combined efforts while living together as husband and wife. Neither had any money or property at the time they were married and there is no evidence of inheritance by either of them.

If this may be regarded as a conveyance of property by Frank Nowka to his wife with the intent to avoid payments under the divorce decree it was fraudulent and properly declared invalid by the decree of the district court. Luikart v. Bosse, 142 Neb. 157, 5 N. W. 2d 128; Van Steenberg v. Nelson, 147 Neb. 88, 22 N. W. 2d 414.

Moreover, if it amounted to a conveyance it was presumptively fraudulent as to Nellie C. E. Nowka and the burden was on Ida M. Nowka, she being the wife of Frank Nowka, to establish the good faith of the transaction. Luikart v. Bosse, *supra*.

This of course was not in terms a conveyance from Frank Nowka to his wife. The only reasonable inference to be drawn however from the evidence is that this was a conveyance made by direction of Frank Nowka without any agreement or understanding with his wife in relation thereto. The evidence makes clear that the money used to make the purchase was regarded and held as funds of Frank Nowka. Further it is clear that he treated the real estate as his own after the purchase. As pointed out he contracted in his sole name with the defendant Van Orsdel.

If this is to be treated in the same manner as a direct conveyance then it must be said that the burden of overcoming the presumption that the transaction was fraudulent has not been sustained.

We can think of no valid reason for regarding this transaction as less fraudulent than a direct conveyance of any interest in the real estate would have been. Debtors may not be permitted to make investments in

this manner and take title in joint tenancy and thus find an escape from the payment of their existing legal obligations. The assignments of error in this respect are without merit.

As pointed out but two propositions have been discussed by appellants in their brief. These have been decided adversely to them. There is however a plain error not discussed which should receive attention and consideration.

As pointed out the plaintiffs prayed for the declaration and establishment of a judgment lien against the real estate in question and in effect for a foreclosure of that lien. The defendant Van Orsdel prayed for declaration and establishment of a lien, or in the alternative a judgment for damages. By the decree costs were directed first to be paid and the alimony and child support judgments were decreed to be a first lien payable after costs. The defendant Van Orsdel was awarded a judgment which was decreed to be a second lien. In effect strict foreclosure of the judgment liens was decreed.

There can be no doubt of the propriety of the declaration that the judgments for alimony and child support became liens upon the real estate in question once the real estate was declared to be equitably owned by Frank Nowka.

The declaration of priorities contained in the decree however cannot be sustained. The lien which was first in time, if there was more than one, of course was first in priority.

At the time of commencement of this action the title of Frank Nowka as an individual was equitable. Prior thereto no lien for the judgments for alimony and child support existed against it. The lien came into existence with the service of summons in this action.

It is a rule of law in this jurisdiction that a judgment of the district court is not a lien upon the judgment debtor's equitable interest in real estate. Nessler v. Neher, 18 Neb. 649, 26 N. W. 471; Flint v. Chal-

oupka, 72 Neb. 34, 99 N. W. 825, 117 Am. S. R. 771; Hilton v. Clements, 137 Neb. 791, 291 N. W. 483.

However the beginning of a creditor's action to subject an equitable estate to the payment of a judgment gives a specific lien upon the property which it is sought to reach and this lien continues while the cause is pending. Hilton v. Clements, *supra*.

Thus it becomes clear that the judgments for alimony and child support were a lien and prior to other liens if there were others.

We think that under well-recognized principles the costs which were declared to be a first lien must be regarded as incidental to and to be recovered along with the alimony and child support.

In 31 Am. Jur., Judgments, § 888, p. 367, it is said in part: "As long as a judgment lien may be enforced by an execution sale, an equitable action to foreclose it is not required. * * * However, where the remedy at law becomes inadequate, and special grounds for the interposition of a court of equity arises, the aid of a court of equity in the enforcement of a judgment may be secured."

In 49 C. J. S., Judgments, § 587, p. 1074, it is said in part: "Ordinarily it is presumed that the court which renders a judgment is competent to enforce it, and equity cannot be invoked to obtain satisfaction. This rule, however, is subject to numerous exceptions under which the power of a court of equity may properly be invoked, as where the object is to reach equitable interests in land, not subject to execution, * * *."

In Rich v. Cooper, 136 Neb. 463, 286 N. W. 383, this court said: "A petition to foreclose a judgment lien is properly entertained when it appears that the judgment creditor has no adequate remedy at law."

The action here is in essence to foreclose a judgment lien and it is clear that no adequate remedy at law was available.

Reasonably it must follow that the costs of prosecution of the action in equity to enforce the judgments

shall be added to and be recovered along with the judgments.

We do not think that under the pleadings of the defendant Van Orsdel and under law the district court has proper power to impress a lien in favor of Van Orsdel and to decree a foreclosure thereof. Van Orsdel may eventually be entitled to proceeds made available by the foreclosure of the judgments for alimony and child support but that eventuality has not arisen.

The decree in propriety should have directed payment of the amounts due under the alimony and child support and costs and that for failure of payment the real estate should be sold and the proceeds brought into court and to the extent necessary applied to the payment of these amounts. If there was a surplus then it would have been appropriate for the court to entertain an application for the distribution of the surplus upon notice being given to all parties necessary to the determination of the ownership of such surplus. Mauzy v. Elliott, 146 Neb. 865, 22 N. W. 2d 142.

It is readily conceivable that there may be others, not parties to this action, who might have a right to this surplus superior to that of Van Orsdel, whose rights would be destroyed if the decree in this respect is affirmed.

The decree therefore to the extent that it declares that Frank Nowka is the equitable owner of the real estate in question is affirmed. It is affirmed as to the accounting, costs, attorney's fees, and the judgment in favor of the defendant Van Orsdel.

It is also affirmed as to the foreclosure of the lien in favor of Nellie C. E. Nowka. As to foreclosure of the lien of the judgment, if any, of the defendant Van Orsdel, it is reversed and the cause to that extent remanded with directions to the district court to decree that if Frank Nowka shall fail to pay the amounts due on the decree for alimony and child support the real estate shall be sold as provided by the decree and the pro-

ceeds paid into court which proceeds shall be first applied to the payment of the amounts due under the decree for alimony, child support, costs, and attorney's fees and that the excess, if any, shall be held subject to the further order of the court. Costs on appeal to be taxed to appellants.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED WITH DIRECTIONS.